## J. H. CLASSEN v. HENRY ELMENDORF ET AL.

Decided November 23, 1896.

1. Case Approved.

The rulings of the majority of the court in Classen v. Elmendorf, Court of Civil Appeals, Fourth District (37 S. W. Reporter, 245), approved. (P. 204.)

ON RE-HEARING.

2. Practice in Supreme Court—Certificate of Dissent—Remittitur.

A recovery by plaintiff in the trial court was, on appeal, by a divided court, reversed unless appellees should, by a day named, remit a certain portion of the amount recovered; and, this not having been done, the order reversing the judgment was then entered; but the point of dissent was then, on motion of the appellee, certified to the Supreme Court, by whom the ruling of the majority was affirmed. Appellee having thereupon moved in the Supreme Court for a rehearing, in order to enable him to then enter the remittitur and have the judgment affirmed it was held, that upon certificate of dissent the jurisdiction of the Supreme Court over the case (Rev. Stats., 1040, 1042) was restricted to a determination of the very point or points upon which the judges of the Appellate Court had disagreed; and they had no power either to modify, reverse, or affirm the judgment of the trial court or of the Court of Civil Appeals. (Pp. 204, 205.)

CERTIFICATE of dissent, from Court of Civil Appeals, Fourth District, in an appeal from the District Court of Bexar County.

Elmendorf et al. sued Classen and recovered judgment in the District Court which, on defendant's appeal, was reversed upon plaintiff's failure to file remittitur in accordance with the opinion of the majority of the court, Fly, J., dissenting. The majority and dissenting opinions and the points of dissent certified are not found in the record as it has reached the Reporter. The opinions are published in 37 S. W. Reporter, 245.

*Frank J. Wise,* for appellant.

*Clark, Summerlin & Fuller,* for appellees.

GAINES, CHIEF JUSTICE.—This case comes to us upon a certificate of dissent from the Court of Civil Appeals of the Fourth Supreme Judicial District. Having examined the question upon which the judges of that court differed, we are of the opinion, that the decision of the court is correct. The grounds for this conclusion are well stated by Chief Justice James, who wrote for the majority of the court, and we have nothing to add to that opinion.

Our conclusion will be so certified.

ON MOTION FOR RE-HEARING.

GAINES, CHIEF JUSTICE.—This case came to us upon a Certificate of Dissent.

On the 24th day of June, 1896, the Court of Civil Appeals filed their

opinion in which it was held that there was error in the judgment of the trial court, but in which it was also ruled that the appellees should be allowed ten days within which to file a remittitur for certain damages recovered in the court below; that in the event the remittitur should be filed within that time, the judgment should be reformed and affirmed; but that otherwise, it should be reversed and the cause remanded.      To this judgment there was a dissent.     On the 23rd day of September thereafter, no remittitur having been filed, (as is to be presumed) judgment was entered by the Court of Civil Appeals reversing the judgment of the District Court and remanding the cause.     Appellees' motion for rehearing having been overruled, the court at their instance certified the point of dissent to this court for our decision.     On a former day we decided the question against the appellees and ordered our opinion to be certified to the Court of Civil Appeals.     A motion is now filed for rehearing in this court, in which we are asked to permit the appellees to remit the sum specified in the opinion of the Court of Civil Appeals and affirm the judgment of the District Court.

Article 1040 of Revised Statutes provides, that "when any one of said Courts of Civil Appeals shall in any cause or proceeding render a decision in which any one of the judges therein sitting shall dissent as to any conclusions of law material to the decision of the case said judge shall enter the grounds of his dissent of record, and the said Court of Civil Appeals shall, upon motion of the party to the cause, or on its own motion, certify the point or points of dissent to the Supreme Court."

It is further provided by article 1042, that "after the question is decided the Supreme Court shall immediately notify the Court of Civil Appeals of their decision, and the same shall be entered as the judgment of said Court of Civil Appeals."

It thus appears that upon a certificate of dissent the jurisdiction of this court over a case is restricted to a determination of the very point or points upon which the judges of the Court of Civil Appeals have disagreed.     We have no power to either modify, reverse or affirm the judgment of the trial court or that of the Court of Civil Appeals in such a case. It follows, that this motion must be overruled.