HILLIARD LANDRUM v. THE STATE

*No. 1143. Decided May 26th, 1897.*

1. **Complaint and Information—Variance.**

Where a complaint, for firing a pistol into a church, describes the church, as the "St. Paul Methodist Church," and the information describes it, as the "St. Paul Church." Held: The variance was fatal and the information should have been quashed and a new one brought corresponding with the complaint.

2. **Firing Pistol Into a Church—Plea of Former Conviction.**

On a prosecution for firing a pistol into a church, where defendant pleaded former conviction for rudely displaying a pistol, and "that it was one and the same transaction for which he is being prosecuted in this case." Held: That the plea, if it could be sustained by proof, was a good one. The jury had the right to pass upon it in connection with the evidence, and, it was error for the court, of its own motion, to strike it out.

3. **Bill of Exceptions by Bystanders.**

A bill of exceptions signed by bystanders, will not be considered where it is not shown otherwise, than by the statement of the bystanders, that the trial judge ever declined or refused to sign a bill of exceptions as to the matter.

APPEAL from the County Court of Falls. Tried below before the Hon. WILLIAM SHELTON, County Judge.

Appeal from a conviction for firing a pistol into a church; penalty, a fine of $25.

The prosecution was by information, based upon a complaint which described the church as the "St. Paul Methodist Church," but the building was described in the information, as the "St. Paul Church." A motion was made by defendant to quash the information for variance, which the court overruled.

Defendant pleaded former conviction, and the court, without submitting the plea to the jury, of its own motion struck the same out.

*E. T. Johnson* and *F. M. Boyles*, for appellant.—As to error in the court in overruling the motion to quash the information, they cited: Cole v. State, 11 Tex. Crim. App., 67; Berliner v. State, 6 Tex. Crim. App., 182; Lanham v. State, 9 Tex. Crim. App., 232; Riddle v. State, 25 S. W. Rep., 21; Farmer v. State, 28 S. W. Rep, 197; Hanson v. State, 35 Tex. Crim. Rep., 593; Herald v. State, ante p. 409.

As to error in the court's striking out the plea of former conviction, they cited: Vestal v. State, 3 Tex. Crim. App., 648; Quitzow v. State, 1 Tex. Crim. App., 47; Pritchard v. State, 2. Tex. Crim. App., 69; White v. State, 9 Tex. Crim. App., 390; Troy v. State, 10 Tex.

Crim. App., 319; Simco v. State, 9 Tex. Crim. App., 338–436; Irvin v. State, 7 Tex. Crim. App., 78; Hirschfield v. State, 11 Tex. Crim. App. 207; Wright v. State, 17 Tex. Crim. App., 152; Shubert v. State, 21 Tex. Crim. App., 551; Code Crim. Proc., Art. 561; Thomas v. State, 40 Texas, 37.

*Mann Trice*, Assistant Attorney-General, for the State:

HENDERSON, Judge.—Appellant was convicted of firing a pistol into a church, and his punishment assessed at a fine of $25, and he prosecutes this appeal. He made a motion to quash the information, on the ground that there was a variance between it and the complaint. The complaint described the house or church shot into as "St. Paul Methodist Church." The information describes it as "St. Paul Church." In our opinion, the motion to quash the information should have been sustained. "St. Paul Methodist Church" and "St. Paul Church" are two distinct names, and may be entirely different places. It would have been a very easy matter to have had this information corrected in the court below. If the judge had done his duty, this question would not be in this case. The information should have been quashed, and a new one, corresponding in the respect complained of with the complaint, could have been filed, and so the trouble and. expense of a reversal on this ground would have been avoided. The court also committed an error in striking out the plea of former conviction. The plea should have been entertained, and proof admitted; and, if it was shown that the former conviction was for one and the same transaction or act charged against appellant in this case, it was a good plea in bar. Appellant was convicted in the former case for rudely displaying a pistol, and firing the same, at and near "St. Paul Church." In this case he was charged with firing his pistol into the St. Paul Church. If these matters were one and the same act, appellant could be prosecuted but once. If the rudely displaying and firing, for which he had previously been convicted, was the same identical act on which he is charged in this case for firing into said church, then it was a good plea in bar. On the contrary, if he rudely displayed his pistol, with the intent and in a manner calculated to alarm the inhabitants, at and near said church, this is a distinct and separate act from the firing into the church, and a prosecution could be maintained for both offenses, as they were two distinct transactions. Appellant charges that they were one and the same transaction, and the jury had a right to pass upon this matter. Appellant attempted to get up a bill of exceptions to the introduction of evidence, signed by bystanders, but it is not such a bill as is authorized by law. We are not apprised that the judge ever declined or refused to sign a bill of exceptions, except by the statement of these three bystanders. For the proper procedure in this regard, see Exon v. State, 33 Tex. Crim. Rep., 461. The complaint in this case being a good complaint on its face, and the information being defective, because varying from

the same, the prosecution is not dismissed because of said defective information; but the judgment is reversed, and the cause remanded, in order that another information may be predicated upon said complaint. The judgment is accordingly reversed, and the cause remanded.

*Reversed and Remanded.*