MANSUR & TEBBETTS IMPLEMENT COMPANY v. T. W. PRICE.

Decided February 21, 1900.

**1.  Contract in Restraint of Trade.**

A conract between a wholesale dealer in vehicles and a retail dealer by which the latter is expressly obligated to handle no other vehicles except those furnished by such wholesale dealer, is in restraint of trade and void under the statute.

**2.  Same—Fixed Time Not Essential.**

In a suit on notes, wherein the defendant pleaded that they were void because the contract was in restraint of trade, plaintiff's contention that, as the time of such restraint of trade was not fixed by the contract itself, the defense could not obtain, was unavailing, since, having sued on the contract, he thereby admitted that it was in force up to the time he was demanding judgment on it.

APPEAL from Smith.  Tried below before Hon. J. G. RUSSELL.

*H. M. Whitaker,* for appellant.

*S. A. Lindsey,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellants against T. W. Price & Co. on four promissory notes executed by the latter to the former, and upon an open account for goods sold by the implement company to Price & Co. It was alleged by plaintiffs that by an instrument, in effect a chattel mortgage, a lien was obtained on the goods sold, in consideration of which the first three notes were given to secure their payment. B. F. Avery & Sons and H. Lilienstren were made parties defendant, upon the ground that they claimed some interest in the goods, for the purpose of foreclosing the mortgage as to them.

The defendants answered by a general denial, and specially that the instrument claimed by plaintiff to be a mortgage, and the notes given

for the goods embraced therein, could not be enforced, because the same was contrary to the statute defining and prohibiting trusts and combinations in restraint of trade.

The court held that the contract for the sale of the goods for which the first three notes were given showed upon its face that it was a combination in restraint of trade, and was, together with said three notes, therefore void. And for that reason withdrew said contract and notes from the consideration of the jury and instructed them to find for plaintiffs only on the fourth note and open account. In compliance with this instruction the verdict was returned upon which the judgment appealed from was rendered.

The evidence shows that on May 22, 1894, T. W. Price & Co. were merchants doing business in the city of Tyler, Texas; that the Mansur & Tebbetts Implement Company, a foreign corporation authorized to do business in this State, was a jobber or wholesale dealer in vehicles; that then appellant company agreed to sell Price & Co. a large number of vehicles on time running for more than twelve months; that as a consideration for this credit Price & Co., by the contract, among other things, obligated themselves "to handle no other goods of the class herein ordered, nor any parts of 'Deere' goods except those furnished by you [meaning appellant] during the time this contract is in force;" and that under this contract the goods were furnished for which the first three notes sued on were executed. By the contract T. W. Price & Co. further agreed that the title to the goods ordered and their proceeds, in case of sale, should remain in appellant until paid for in full.

It is contended by appellant that no time was fixed by the contract during which Price & Co. should be restrained in the free purchase and sale of any commodities. It virtually admits that if the contract fixes such time, that it, together with the three notes given in pursuance of it, is in restraint of trade and void. The appellant, it seems to us, admits by prosecuting this suit that the contract was in force from the time of its execution until now, for the suit is upon the contract, and to maintain it, it must necessarily have been in force during that time. Therefore the contract and three notes given in pursuance thereof being in restraint of trade and void, the court did not err in refusing to submit to the jury the right of appellant to recover thereon. Rev. Stats., arts. 5313, 5319; Brewing Co. v. Templeman, 90 Texas, 277; Fuqua v. Brewing Co., 90 Texas, 298; Brewing Co. v. Anderson, 40 S. W. Rep., 737; Carriage Co. v. Hatch, 47 S. W. Rep., 288; Wiggins v. Bisso, 92 Texas, 219.

The judgment of the District Court is affirmed.

*Affirmed.*