## St. Louis Southwestern Railway Company of Texas v. Fred M. Groves.

Decided October 29, 1906.

#### 1.—Contributory Negligence—Burden of Proof—Charge.

A charge to the effect that the burden of proof is on the defendant to establish by a preponderance of the evidence the defense of contributory negligence, while ordinarily a sound proposition of law, is misleading when it is necessary to consider evidence adduced by the plaintiff as well as that adduced by the defendant to determine the issue; but, in view of other portions of the charge, wherein the jury are told to determine this issue from the "facts in evidence" and from the "evidence in the case," the jury could not have been misled in this case, and the error was harmless.

#### 2.—Uncontroverted Fact Submitted as Issue.

While it is error to submit as a controverted issue a matter about which there was no conflict in the evidence, still, in the absence of something in the charge apparently indicating that the trial judge was of a contrary opinion, the probabilities are that the jury found according to the undisputed proof, and such error will not be cause for reversal; but if the verdict is against the preponderance of the evidence the result will be ascribed to the error, and the judgment will be reversed.

#### 3.—State of Proof—Affirmance or Reversal.

Appellate courts look to the state of the proof in determining whether some

slight error of law or procedure is harmless, and the fact that the evidence strongly preponderates in favor of the verdict is of weight in such enquiry.

#### 4.—Verdict, not Excessive.

A verdict for $10,000 is not excessive in a case where the plaintiff was 21 years of age, was earning between $80 and $100 per month, lost his right arm between the elbow and shoulder, and suffered great and long-continued pain.

Appeal from the District Court of Smith County. Tried below before Hon. R. W. Simpson.

*E. B. Perkins* and *Marsh & McIlwaine,* for appellant.—The court erred in charging the jury, as requested by plaintiff, as follows:

"You are instructed that the burden of proof is on the defendant to sustain its plea of contributory negligence set up herein as a bar to plaintiff's recovery; and if you find that the defendant has failed to sustain the said plea by a preponderance of the evidence it will be your duty to find against defendant on said plea." Gulf, C. & S. F. Ry. v. Hill, 95 Texas, 629; Texas & Pac. Ry. v. Reed, 88 Texas, 439; Houston & T. C. Ry. v. Anglin, 14 Texas Ct. Rep., 104; Gulf, C. & S. F. Ry. v. Howard, 96 Texas, 582; St. Louis S. W. Ry. v. Martin, 63 S. W. Rep., 1089; International & G. N. Ry. v. Lewis, 63 S. W. Rep., 1091.

The court erred in charging the jury as requested by plaintiff in his special charge number 4 as follows:

"If you find and believe from the evidence that in making the cut of said cars at the time and place that plaintiff received his injury that he performed the said work or was performing the said work in the way and manner that a person of ordinary prudence under the same or similar circumstances would have performed the same, then you will find that the plaintiff was not guilty of contributory negligence in the performance of said work, although you may believe that if the plaintiff had performed the said work in some other or different manner the accident to him would not have resulted. And if you so find and conclude and find that the plaintiff is entitled to recover under other instruction given you, then your verdict will be in favor of the plaintiff." Stooksbury v. Swann, 85 Texas, 563.

The undisputed evidence showing that had plaintiff not attempted to uncouple cars, as he did, he would not have been injured, it was error for the court to submit this fact as an issue to the jury, in that it was calculated to confuse and mislead them. Culpepper v. International & G. N. Ry., 90 Texas, 204; Gulf, C. & S. F. Ry. v. Rowland, 96 Texas, 365; International & G. N. Ry. v. Lewis, 63 S. W. Rep., 1091.

*R. L. Carlock* and *O. W. Gillespie,* for appellee.—The special charge, when considered in connection with the court's main charge, and with the special charges given at the instance of the defendant, it is evident that the jury could not be, and were not, in fact, misled by this special charge in question, but were bound to have considered all the testimony bearing on the question of contributory negligence in passing upon said matter. Gulf, C. & S. F. Ry. Co. v. Howard, 96 Texas, 585; Gulf, C. & S. F. Ry. Co. v. Elmore, 35 Texas Civ. App., 62; Houston & T. C. Ry. v. Anglin, 14 Texas Ct. Rep., 105.

The verdict in this case being for $10,000 on behalf of the plaintiff, who was a brakeman twenty-one years of age, capable of earning from $80 to $100 per month at the time of the injury to his right arm, which was so crushed and mangled as to require the amputation thereof midway between the elbow joint and the shoulder, followed by severe and long-continued suffering, and causing him permanent disablement in the matter of laboring or earning money throughout the remainder of his life, can not in fairness be said to be excessive. Galveston, H. & H. Ry. Co. v. Bohan, 47 S. W. Rep., 1050; Galveston, H. & S. A. Ry. Co. v. Courtney, 71 S. W. Rep., 307; Rice v. Dewberry, 15 Texas Ct. Rep., 194; Missouri, K. & T. Ry. Co. v. Kirkland, 11 Texas Civ. App., 535; Ft. Worth & R. G. Ry. Co. v. Bowen, 5 Texas Ct. Rep., 208; Texas & N. O. Ry. v. Carr, 42 S. W. Rep., 126.

GILL, CHIEF JUSTICE.—This is a suit for damages for personal injuries brought by Fred M. Groves against the St. Louis Southwestern Railway Company of Texas. The company has appealed from a $10,000 verdict in favor of Groves. The negligence alleged was the act of the engineer of a freight train in suddenly backing the engine instead of going forward in response to a signal of Groves in his capacity as brakeman.

The defenses pleaded by the company, after the general denial, were assumed risk and contributory negligence.

The following is a brief history of the accident: Groves was acting as head brakeman on one of appellant's freight trains on its way north from Corsicana to Tyler, Texas. Sparks was conductor, Hardwick "swing" brakeman, Cassell rear brakeman, J. D. Perry engineer and Waynick fireman. When the train arrived at Athens, a station on appellant's line, certain cars near the rear of the train were backed in front of the doors of the freight depot for the purpose of unloading certain local freight destined for that point. The conductor and rear brakeman were attending to this task. It was also necessary to detach the engine and six cars from the remainder of the train in order to do some switching. Groves received his instructions to attend to this task before the train reached the station, so when the engineer had backed the rear cars to a point opposite the freight depot and had stopped in response to a signal from Groves, the latter walked in between the sixth and seventh car from the engine, turned the angle cocks on the air hose and lifted the coupling pin. Hardwick, the swing brakeman who was on the seventh car from the engine, had set the brakes on the seventh and eighth car so the rear of the train would stand after the air brakes were released. The engineer had released the air brakes the instant the train stopped. This act of his not only released the air on the rear part of the train but on the six cars and the engine as well. There was a slight grade to the north at that point. Groves also knew of this grade and that the six cars would drift down toward the engine upon the stop and release of the air, so in order to get the coupling pin up before the slack ran out and tightened it, thereby necessitating the backing of the engine again, he lifted the pin immediately after turning the angle-cocks, stepped to the edge of the car, gave the engineer

a go-ahead signal (in response to which the engineer withdrew his head and shoulders into the cab), stepped back between the cars and was lifting the air hose to uncouple them when the engineer instead of going forward, backed the engine thus bringing the cars together and crushing Groves' right arm between the draw-heads.

There was no rule prescribing the method of doing this work and it was usual and customary either to separate the hose before lifting the pin or lifting the pin and then separating the hose as plaintiff did. The engineer and fireman deny that the engine was backed or that he saw or ought to have seen plaintiff's signal to go ahead. The theory of the defense is that the springs back of the draw-heads caused the cars to rebound together after they had separated and drifted toward the engine, but we are of opinion after a careful examination of the record that the finding of the jury has ample support in the evidence either that the engineer saw and negligently misinterpreted plaintiff's go-ahead signal, or more probably interpreted it rightly, but turned on the steam without thinking to first change the gear of the engine to the forward motion. We therefore overrule the assignments questioning the sufficiency of the evidence upon this point.

We also overrule the assignment assailing the verdict on the ground that the accident was due to contributory negligence or a risk assumed by plaintiff. We hold that the facts support the verdict upon the issue of liability. This disposes of the first three assignments.

The court at the instance of plaintiff gave a special charge advising the jury that the burden of proof was on the defendant to establish by a preponderance of the evidence the defense of contributory negligence. The charge is assailed as error under the rule announced in Gulf, C. & S. F. Ry. v. Hill, 95 Texas, 629. Justice Pleasants is of opinion that the evidence does not present the issue of contributory negligence. The majority of the court think, however, that the issue is in the case, so it is necessary to dispose of this assignment upon other grounds.

The charge standing alone is a clear violation of the rule laid down in the case cited to the effect that such a charge, while announcing a sound proposition of law, is misleading when to determine the issue of contributory negligence it is proper to look to the evidence adduced by the plaintiff as well as that of defendant. The question after all, however, is whether in the light of the entire charge and special charges given the jury were probably led to believe that the court intended them to look alone to the evidence adduced by defendant in determining the issue. In three special charges given at the request of defendant and addressed to that issue the jury's attention was directed to "the evidence," "the evidence in the case" and "the evidence in this case" for the determination of the issue. In addition to this the main charge of the court contained the following bearing upon this point: "In this case as to whether there has been negligence on the part of defendant and as to whether there has been contributory negligence on the part of the plaintiff and as to whether the accident was proximately caused by the risks assumed by plaintiff . . . are questions of fact to be determined by the jury alone applying to the facts in evidence the law given you in this charge." The entire court is of the opinion that it would be going an absurd length to hold that jurors with intellects

otherwise sufficient to pass on the rights of the parties litigant were mislead by this charge in the light of the main charge and the special charges submitted to them for their guidance and control. The assignment is overruled.

The fifth, sixth, seventh and eighth assignments complaining of the refusal of special charges are without merit. They are sufficiently embodied in the main charge.

Plaintiff's special charge number 4 given by the court is not upon the weight of the evidence and the appellant's objection to it is overruled.

The question presented by the tenth assignment has occasioned us some difficulty. It involves a complaint against a part of the main charge on the ground that an issue is submitted upon which there is no evidence. The portion of the charge complained of is as follows:

"Or if you find that the manner in which plaintiff uncoupled the cars was not as safe as some other way of uncoupling same would have been, *and if you find that the manner in which he did uncouple the cars caused or contributed to cause the injury of which he complains,* then if you find that the manner in which the cars were uncoupled was 'negligence' upon the part of plaintiff, as hereinbefore defined, you will return a verdict for defendant, although you may further find negligence upon the part of the engineer in the particulars complained of in plaintiff's petition." We have italicised the part to which the objection is addressed. Now, there can be no question that the act of plaintiff in uncoupling the hose after lifting the pin and signaling the engineer to go ahead was, if negligence, a proximate cause of his injuries. The rule is well established in this State that to submit as a controverted issue a matter about which there is no conflict in the evidence is error. Culpepper v. International & G. N. Ry., 90 Texas, 204; Gulf, C. & S. F. Ry. v. Rowland, id., 365; Texas & Pac. Ry. v. McCoy, id., 264; Gulf, C. & S. F. Ry. v. Hill, supra.)

Again, however, the question is whether the jury were misled, for in the absence of some feature of the charge apparently indicating a contrary opinion on the part of the trial judge, all the probabilities are that the jury found according to the undisputed proof.

It is a common thing for Appellate Courts to look to the state of the proof in determining whether some slight error either of law or procedure is harmless. The fact that the evidence strongly preponderates in favor of the verdict is of weight in such an inquiry. If the evidence in support of the verdict is slight or the verdict is against its preponderance the questionable result will usually be ascribed to the error and the judgment will be reversed.

In each of the cited cases (supra) reported in 90 Texas, the trial court not only submitted as an issuable inquiry the question whether if plaintiff was guilty of contributory negligence it contributed to cause the accident, when the undisputed proof was that it did, but the converse of the proposition was distinctly put and the jury instructed that though they might find that plaintiff was guilty of negligence as alleged, yet if they further found that it did not contribute to bring about his injury it would not bar a recovery. As thus emphasized the court held in the light of the evidence in those cases that the error was harmful.

In Hill's case, supra, this court held a like charge error, but as the judgment in that cause was reversed upon another point the question of harmless error was not considered. In the light of the entire charge and the evidence in this case there is no reason to apprehend that the jury were influenced by the charge complained of to find against the undisputed proof. The assignment is overruled.

The verdict is assailed as excessive. The plaintiff was 21 years old at the time of the accident and was earning from $80 to $100 per month. His life expectancy was over 41 years. As a result of the accident he has lost his right arm between the shoulder and elbow. His suffering was great and had not entirely ceased at the date of the trial. While the sum awarded is a large amount of money we can not say in the light of the facts that it is more than enough for compensation.

Other assignments are urged but they do not require detailed discussion. They are without merit. The evidence supports the judgment and the trial was fair. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.