## SOLAN & BILLINGS v. PASCHE.

(Court of Civil Appeals of Texas. El Paso. Jan. 17, 1913. Rehearing Denied Feb. 19, 1913.)

1. TRIAL (§ 252*)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE — CONTRIBUTORY NEGLIGENCE.

Where the court did not instruct on the burden of proof of contributory negligence and plaintiff's evidence did not raise such issue, the court's refusal to charge that the jury, in passing on plaintiff's contributory negligence, should look to all the testimony and not confine themselves to that offered by defendants, was not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

2. APPEAL AND ERROR (§ 1170*)—REFUSAL OF SPECIAL CHARGE—GROUND FOR REVERSAL.

Refusal of a special charge that the jury should consider all the testimony on the issue of plaintiff's contributory negligence was not ground for reversal, under Court of Appeals Rule 62a (149 S. W. x), providing that a judgment should not be reversed for an error of law occurring at the trial unless it amounted to such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment, or prevented appellant from making a proper presentation of the case to the appellate court, etc.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

3. MASTER AND SERVANT (§ 301*) — NEGLIGENCE OF SERVANT—MASTER'S LIABILITY—PARTNERSHIP.

Where defendants, members of a firm, were riding in an automobile driven by L. at the instance of one of the members of the firm and with the implied consent of the other at the time plaintiff was injured in a collision due to the alleged negligent driving of the machine, and the court in its general charge based the liability of both defendants on the fact that L. in driving the car was acting under their authority, for their benefit, and in their place and stead, it was not error to refuse to charge that if L. was not the servant of one of the members of the firm the verdict should be in his favor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

4. TRIAL (§ 260*) — REQUEST TO CHARGE — FORM.

Where plaintiff's alleged contributory negligence in driving his buggy to the left of the road in front of defendants' automobile at the time of the collision and injury was presented in the court's general charge in the very language in which it was pleaded by defendants, the court did not err in refusing a special charge on the same subject in slightly different language.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

5. MASTER AND SERVANT (§ 332*) — NEGLIGENCE OF SERVANT—OPERATION OF AUTOMOBILE—NEGLIGENCE.

L., while riding as a guest with both members of a firm in an automobile belonging to the firm, was requested to run the car by one of them with the acquiescence of the other, and, while so doing, so negligently operated the same as to collide with plaintiff's buggy and cause plaintiff's injuries. Held, that L. was not a volunteer, and that the court properly submitted the liability of both members of the firm on the question of L.'s agency in driving

the car and refused to charge that the jury should return a verdict for such member of the firm as was not directly connected with L.'s negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1274–1277; Dec. Dig. § 332.*]

6. HIGHWAYS (§ 166*)—USE—AUTOMOBILES—OPERATION — SPEED — REGULATION — STATUTES—PER SE NEGLIGENCE.

Acts 30th Leg. c. 96, § 3, provides that no person in charge of an automobile on any public road shall drive at any speed greater than is reasonable and proper, having regard to the traffic and use of the road, or so as to endanger the life or limb of any person thereon. *Held* that, even if such section was too indefinite to be enforced as a penal statute, it was sufficient as a remedial statute imposing a civil duty so as to render its violation negligence per se.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 457; Dec. Dig. § 166.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by Henry Pasche against Solan & Billings. Judgment for plaintiff, and defendants appeal. Affirmed.

Hunt, Meyer & Teagle, of Houston, for appellants. John Lovejoy, Presley K. Ewing, and L. E. Blankenbecker, all of Houston, for appellee.

HIGGINS, J. Appellee, while driving in a buggy on the Telephone Public Road in Harris county, on the night of August 28, 1910, had a collision with an automobile going in the opposite direction, owned by the appellants and driven by one Pres Lea. As a result of the collision, appellee was thrown from his buggy, sustaining serious injuries, and, upon trial, verdict and judgment in his favor was rendered in the sum of $5,000.

[1, 2] Error is first assigned to the refusal of a special charge requested by defendants "that, in passing on the question of the plaintiff's contributory negligence, you will look to all the testimony before you, and not confine yourselves to that offered by the defendants alone." Railway Co. v. Reed, 88 Tex. 447, 31 S. W. 1058, and Railway Co. v. Hill, 95 Tex. 630, 69 S. W. 136, are cited as holding the refusal of this charge to be error; but they cannot be so regarded. In the cases cited the jury had been instructed that the burden of proof was upon the defendant to establish its plea of contributory negligence when plaintiff's own evidence raised and presented the issue. This was held to be calculated to lead the jury to believe that they should consider alone the evidence offered by the defendant upon the issue, and therefore erroneous to refuse a special charge explicitly directing the jury that it was their duty to consider all of the evidence before them, thus correcting the misleading tendency of the charge as given. In the instant case, the court did not instruct as to the burden of proof upon the issue of contributory negligence, nor does plaintiff's evidence raise the

same, and the refusal of the charge therefore presents no error. Railway Co. v. Groves, 44 Tex. Civ. App. 63, 97 S. W. 1084. Furthermore, under rule 62a (149 S. W. x), the refusal of the charge would not be regarded as reversible error.

[3] Special charge No. 2 requested by defendants was also properly refused. It reads as follows: "If you find from the evidence before you that Pres Lea was the person in charge of said automobile at the time of the collision with plaintiff's buggy and that said Lea was not the servant, agent, or employé of defendant Solan, then, if you so find, you will let your verdict be in favor of defendant Solan." In support of their contention that this charge should have been given, appellants submit the following proposition: "If Pres Lea had been placed in charge of the automobile by defendant Billings, the mere fact that the car was the property of the copartnership, or that Solan was riding in it, would not make Solan liable for Lea's negligence." This proposition in the abstract is undoubtedly correct, but the court in his general charge did not predicate Solan's liability for the negligence of Lea in the operation of the car upon the mere fact that the same belonged to the copartnership, or that Solan was riding in it. The general charge based the liability of both Solan and Billings for Lea's negligence upon the fact that the car was being driven and operated by Lea, and that in so doing he was acting under their authority and for their benefit and in their place and stead. Having thus submitted to the jury for its determination the very facts decisive of the agency relation, i. e., whether Lea was acting under the authority of and for the benefit of the defendants, and in their place and stead, it was therefore proper to refuse the requested charge.

[4] The third assignment complains of the refusal of a special charge submitting the issue of contributory negligence upon plaintiff's part in driving his buggy to the left of the road in front of the automobile. This phase of the case was presented in the court's general charge in the very language in which it was pleaded by defendants, and the special charge covering the same in slightly different language was therefore properly refused, as to have given the same would have served no useful purpose, and a submission would have been improper as an undue repetition.

[5] The fourth assignment is based upon the refusal of a special charge as follows: "No facts are alleged or proven in this cause that would make the members of the copartnership firm of Solan & Billings liable to plaintiff merely because of their membership in said firm, or because of the negligence of a single member of said firm. You are therefore instructed to return your verdict in favor of such members of the firm of Solan & Billings as you may find from the evidence were not directly connected with the

acts complained of in plaintiff's petition." The supporting proposition is as follows: "One member of a copartnership is not liable for the tort of another member, or for the tort of a servant or agent of the firm, unless he participates in the wrongful act, or unless the servant was engaged in a partnership enterprise when he committed the tort." The correctness of this proposition in the abstract may be conceded; but neither the pleadings, the evidence, nor the charge of the court presented any issue of partnership relation, and there was no necessity to give the requested charge. The liability of each of the defendants was submitted upon the agency relation of the driver of the car, Lea, to both of the owners in so driving and operating the car, and was clearly raised by the evidence, for it was undisputed that, for the pleasure and benefit of Solan and of the family of Billings, Lea was driving the car in the place and stead of Billings, who had been driving the same, and at Billings' request, with the knowledge, acquiescence, and consent of Solan, who was present and participating. It is claimed that Lea was only a guest and a volunteer; but he cannot be regarded as a volunteer, because he had been requested to drive the car by Billings, with the acquiescence of Solan, and the very fact that he was their guest in the car is in no wise inconsistent with his agency derived by express authority from one owner, with the acquiescence and implied consent of the other, to drive the car for their benefit and in their place and stead as their alter ego. Stowe v. Morris, 147 Ky. 386, 144 S. W. 52, 39 L. R. A. (N. S.) 224.

The seventh assignment is overruled. There was ample evidence to support a finding that the car was being driven in excess of 18 miles per hour. The assignment complaining of the verdict of $5,000 as being excessive is likewise overruled. It would serve no useful purpose to discuss the evidence bearing upon the extent of plaintiff's injuries, and it is sufficient to say that, in our opinion, the same warranted the jury in assessing the sum they did.

[6] Section 3 of chapter 96, Acts of Thirtieth Legislature, p. 193, provides: "No person in charge of an automobile or motor vehicle on any public road, street or driveway shall drive the same at any speed greater than is reasonable and proper, having regard to the traffic and use of the public road, street or driveway by others, or so as to endanger the life or limb of any person thereon." And by virtue thereof the court charged that a violation of this section was negligence per se, and to find for plaintiff if the jury believed that the person in charge of the automobile was driving the same on a public road at a speed greater than was reasonable and proper, having regard to the traffic and use of the road, or so as to endanger the life or limb of persons who might be thereon in the exercise of ordinary care for themselves, if such conduct was the proximate cause of plaintiff's injuries. It is objected that the section of the law quoted is unconstitutional and cannot be enforced as a penal statute, because it is so vague and indefinite that it is not susceptible of enforcement as' such. It is unnecessary to determine whether or not the statute is subject to the particular objection urged, as it was at least sufficient as a remedial statute imposing a civil duty so as to render its violation negligence per se.

What has heretofore been said disposes of the tenth and fourteenth assignments.

Finding no error, the judgment is affirmed.