## WEEDS, INC., ET AL. *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF NEW YORK.

No. 558.    Argued October 19, 20, 1920.—Decided February 28, 1921.

Section 4 of the Food Control Act is unconstitutional, because of its uncertainty, not only in the clause penalizing sales of necessaries at "unjust or unreasonable rates or charges" (*United States* v. *Cohen Grocery Co.*, *ante*, 81), but also in the clause penalizing conspiracies to exact "excessive prices."
Reversed.

PLAINTIFFS in error were convicted, under § 4 of the Food Control Act, of conspiracy to exact excessive prices for wearing apparel, and, in furtherance of the conspiracy, of putting on sale in a store various articles of clothing at prices varying from 110 to 194 per cent. in advance of cost; and also of making sales of various suits of clothes at unreasonable prices.

*Mr. Charles E. Hughes*, with whom *Mr. Harvey D. Hinman, Mr. Thomas B. Kattell* and *Mr. Charles E. Hughes, Jr.*, were on the brief, for plaintiffs in error.

*The Solicitor General* for the United States.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The plaintiffs in error, having been convicted and sentenced under an indictment containing eight counts, one of which, the sixth, was eliminated at the trial, prosecute this direct writ of error. All the counts charged violations of the fourth section of the Lever Act, the first, a conspiracy under the section to exact and to aid and abet in exacting excessive prices for certain necessaries, that is, articles of wearing apparel; and each of the others a specific sale of such an article at an unjust and unreasonable rate or charge.

The indictment was demurred to because of its repugnancy to the Constitution upon these grounds: (1) Want of power in Congress because of a state of peace; (2) that the provisions in question were so vague and wanting in standard of criminality as to constitute a mere delegation by Congress of legislative power in violation of the Fifth and Sixth Amendments, and, furthermore, because, by virtue of the exemptions which they contained, they denied to defendants the equal protection of the laws. The demurrer was overruled and, at the trial which followed, the grounds of demurrer were again held to be without merit and the questions which it presented were saved and are pressed in the argument at bar as grounds for reversal.

As the only difference between the charges in the *Cohen Grocery Co. Case, ante,* 81, and those in this is the fact that here, in one of the counts, there was a charge of conspiracy to exact excessive prices, it follows that the ruling in the *Cohen Case* is decisive here unless the provision as to conspiracy to exact excessive prices is sufficiently specific to create a standard and to inform the

accused of the accusation against him, and thus make it not amenable to the ruling in the *Cohen Case*. But, as we are of the opinion that there is no ground for such distinction, but, on the contrary, that the charge as to conspiracy to exact excessive prices is equally as wanting in standard and equally as vague as the provision as to unjust and unreasonable rates and charges dealt with in the *Cohen Case*, it follows, for reasons stated in that case, that the judgment in this must be reversed and the case remanded with directions to set aside the sentence and quash the indictment.

*Reversed.*

MR. JUSTICE DAY took no part in the consideration or decision of this case.

MR. JUSTICE PITNEY and MR. JUSTICE BRANDEIS concurred in the result, the former delivering the following opinion, in which the latter concurred.

In this case, as in No. 324, *United States* v. *Cohen Grocery Co.*, *ante*, 81, while concurring in the judgment of the court, I am unable to yield assent to the grounds upon which it is based.

Most of the counts in the indictment upon which plaintiffs in error were convicted allege specific violations of that provision of the Act of October 22, 1919 (c. 80, § 2, 41 Stat. 297, 298, amending § 4 of the Act of August 10, 1917, c. 53, 40 Stat. 276, 277), which declares it unlawful "to make any unjust or unreasonable rate or charge in handling or dealing in or with any necessaries"; the alleged offenses having consisted in the sale of specific articles of merchandise at excessive prices. Respecting these, my views are expressed in the concurring opinion in the *Cohen Grocery Co. Case.*

The remaining count alleges a conspiracy to exact, and to aid and, abet in exacting, excessive prices for certain specified necessaries. I see no unconstitutional lack of definiteness in the prohibition of a conspiracy to exact excessive prices for necessaries. In the absence of a statutory definition of, or method of determining, standard prices, with which to compare the prices alleged to be excessive, the natural standard, according to which this provision of the act ought to be interpreted, is that adopted in the ordinary transactions of men, and adhered to by the common law time out of mind—the standard of fair market value: the price prevailing under current conditions of supply and demand, uninfluenced by manipulation. So construed, I regard this provision as clearly constitutional, and need only refer to *Nash* v. *United States*, 229 U. S. 373, 377. *International Harvester Co.* v. *Kentucky*, 234 U. S. 216, 221–223, is distinguishable. In that case it was conceded, *arguendo*, that a standard fixed by market value under fair competition and normal market conditions was admissible; and the statute was denounced only because in truth it did not apply this standard, but called for an estimate of what prices would have been under non-existent and imaginary conditions. To the same effect, *Collins* v. *Kentucky*, 234 U. S. 634, 638.

I assume (as the court has this day held) that the provision declaring it unlawful "to make any unjust or unreasonable rate or charge in handling or dealing in or with any necessaries" is unconstitutional for want of a definite standard; but this does not carry with it the provision now in question, since by § 22 of the Act of August 10, 1917, 40 Stat. 283, it is declared that if any clause, sentence, paragraph, or part of the act be adjudged to be invalid, this shall not affect or invalidate the remainder, but shall be confined in its operation to the clause, etc., directly involved—a conclusive declaration

by Congress that the various provisions of this complicated statute shall be regarded as separable.

The record shows, however, that the trial court repeatedly rejected testimony offered by defendants for the purpose of showing the market value of the goods in question at times material to the controversy, and that exceptions were duly allowed. The effect of the rulings was to deprive defendants of the benefit of this standard, by which the jury might have determined whether the prices defendants agreed to exact for the merchandise were excessive; and for this reason only I concur in the reversal of the judgment of conviction as to this count. As to the other counts, I concur in the reversal upon the ground that the statute, in declaring it unlawful "to make any unjust or unreasonable rate or charge in handling or dealing in or with any necessaries," does not include the exaction of an excessive price for merchandise sold.