## P. G. WOLFE v. THE STATE.

No. 16699.  Delivered October 24, 1934.
Reported in 75 S. W. (2d) 677.

The opinion states the case.

*Potash & Cameron,* of El Paso, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is promoting a physical endurance contest; the punishment, a fine of $100.

The conviction is under chapter 204 General Laws passed by the 42nd Legislature at the Regular Session. We quote section 1 of the act as follows: "All personal, physical and mental endurance contests in public competition for prizes, awards or admission fees shall not continue longer than twenty-four (24) hours in any one continuous competitive period of endurance. All contestants having engaged in any endurance contest con-

tinuously for a period of twenty four (24) hours shall be required to cease from such contest for a period of twenty four (24) hours before recommencing the same or any other period of personal, physical and mental endurance in public competition for prizes or awards or admission fees."

Section 2 reads: "Each promoter of any personal, physical, mental endurance contests in public competition for prizes, awards or admission fees who shall violate any provision of this Act or any person who shall enter such contests shall be fined not less than One Hundred ($100.00) Dollars nor more than One Thousand ($1,000.00) Dollars for each offense, or confined in the County Jail not less than thirty (30) days nor more than ninety (90) days, or by both such fine and imprisonment."

The information under which conviction was had follows the allegations set forth in the complaint. We quote the charging part of the information as follows: "P. G. Wolfe was then and there the promoter of a personal, physical, and mental endurance contest, to-wit: A Walkathon and the said P. G. Wolfe, Joe Doe Brown and John Doe Brokaw and John Doe Wiley, acting together, did then and there unlawfully present, promote and aid in the presentation and promotion of said endurance contest, to-wit: A Walkathon Dance, in public competition for prizes, awards, and admission fees, continuing for longer than twenty four hours, in one continuous competitive period of endurance, to-wit: from the 4th day of October, A. D. 1933, to the 23rd day of October, A. D. 1933."

The State's proof showed that the schedule prepared by the promoter of the contest provided for forty-five minues of walking or dancing and fifteen minutes of rest for each contestant. This schedule was adhered to during the entire time the contest was in progress, that is, the contestants rested fifteen minutes out of every hour. Thus, during the twenty four hour period each contestant rested six hours, all resting at the same time. No new contestants entered after the contest opened. The only witness for the State testified, in part, as follows: "The contestants had the rest periods entirely to themselves, to do anything they wanted to do. Most of them took advantage of them to lay down and sleep. Of course, they had other periods where they could be excused, also, for instance, sanitary periods, periods for taking a bath, shaving and having their hair fixed for the girls, and emergency medical periods at any time they needed it." The testimony of appellant and his witnesses was in harmony with that of the State.

It is observed that in following the language of the act it was averred in the complaint and information that the contest continued for longer than twenty-four hours in one continuous competitive period of endurance. Appellant contends that the proof fails to support the allegation that there was one continuous competitive period of endurance. Webster's International Dictionary defines "continuous," in part, as follows: "Without break, cessation, or interruption; without intervening space or time; uninterrupted; unbroken; continual; unceasing; constant; continued; protracted; extended, as a continuous line of railroads; a continuous current of electricity." The same authority states that continuous is a stronger word than continual, and denotes that the continuity of union of parts is absolute and uninterrupted, as a continuous sheet of ice, a continuous flow of water or argument. It is stated further that continual, in most cases, marks a close and unbroken succession of things rather than absolute continuity. The word "continuous" is not specially defined in chapter 204, supra. Article 8, P. C., reads as follows: "Words which have their meaning specially defined shall be understood in that sense, though it be contrary to their usual meaning; and all words used in this Code, except where a word, term or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed."

We quote from People v. Sullivan, (Supreme Court of Utah), 33 Pac., 701, as follows: "To render an act continuous, its performance must be carried on without interruption, for when its performance ceases the act is complete and distinct; and, if afterwards a similar act is performed, it cannot be claimed as a continuation of the former. To make it continuous, it must be the result of a single impulse, and performed or carried on without intermittence. Whart. Crim. Pl. secs. 474, 475."

Construing the word "continuous" as it is understood in common language, the opinion is expressed that the proof fails to support the allegation that the contest continued longer than twenty four hours in one continuous competitive period of endurance.

We disclaim any intention of construing the provisions of chapter 62, Acts of the 43rd Legislature, 2nd Called Session, dealing with the subject of endurance contests.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.