## WEAVER v. STONE, Sheriff.

### No. 830.

District Court, S. D. Florida, Jacksonville Division.

July 24, 1935.

Ray Selden, of Daytona Beach, Fla., for plaintiff.

H. E. Carter, Asst. Atty. Gen., and Murray Sams, State's Atty., of De Land, Fla., for defendant.

Before BRYAN, Circuit Judge, and AKERMAN and STRUM, District Judges.

STRUM, District Judge.

By bill in equity, plaintiff seeks to enjoin the enforcement of chapter 17091, Laws of Florida 1935 (Senate Bill No. 229, approved May 4, 1935), which prohibits the conduct of or participation in "any 'marathon,' 'marathon dance,' 'walkathon,' 'skatathon,' 'bikathon,' or any other mental or physical contest or performance of a like or similar character or nature under any name whatsoever * · * *."

Plaintiff alleges that upon property owned by him especially acquired and adapted for that purpose and not suitable for any other purpose, he proposes to conduct "a contest wherein a number of couples compete for the championship in a walking contest, walking forty-five minutes and sleeping fifteen minutes out of each hour, with slight variations consisting of entertainment features for the public and elimination tests; * * * the contest to run and operate for a period of one thousand hours (nearly 42 days) or more, including the time on and off the floor * * *," and that unless restrained the defendant sheriff will arrest and prosecute him under the statute quoted.

That the statute in question is within the police power of the state of Florida is not questioned. See Pughe v. Lyle (D. C.) 10 F. Supp. 245. Plaintiff contends, however, that the words "marathon," "marathon dance," "walkathon," "skatathon," and "bikathon," have no established meaning and therefore the statute fails to define the nature of the offense pro-

hibited, prescribes no ascertainable standard of guilt binding upon the courts, and that enforcement of the statute will deny him due process and the right to be informed of the nature and cause of the accusation against him, contrary to the Federal Constitution, Amendments 5 and 6. Plaintiff relies upon United States v. L. Cohen Grocery Co., 255 U. S. 81, 41 S. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045, Weeds, Inc., v. United States, 255 U. S. 109, 41 S. Ct. 306, 65 L. Ed. 537, and similar cases.

The word "marathon" has appeared in standard dictionaries for years. As early as the 1925 Edition of Webster's New International Dictionary the term "marathon race" was defined in the added words at the bottom of page 1316, as follows: "In the modern Olympic Games a running race of 40 kilometers (24 miles, 1495 yards) held mostly on the open road. It commemorates the reputed feat of the Greek who ran from Marathon to Athens bearing the news of victory (490 BC). Hence, any similar long distance race, as for runners, skaters, swimmers, etc."

Substantially the same definition appears in the regular text of the 1934 Edition of Webster's Dictionary, in the 1929 Edition of Funk & Wagnall's New Standard Dictionary, and in numerous other late editions of other dictionaries.

Although the term has not yet found its way into the dictionaries, a "marathon dance" is generally understood to be a commercialized evolution of the marathon race. It is an indoor endurance contest in which the contestants, instead of running, profess to dance in couples in an arena over long periods of time, with short but insufficient intermissions for rest and hygiene, the usual periods being 45 minutes of dancing and 15 minutes of rest in each hour during the continuance of the contest, thus competing against each other until one by one they are eliminated by exhaustion until only one couple remains.

A "walkathon" is also well understood to be a further variation of the marathon dance in which the contestants walk instead of dance. In short, it is just such an endurance contest as the plaintiff describes in his bill and alleges that he proposes to conduct. A "walkashow," which appears to be the same character of contest, is well described in Pughe v. Lyle (D. C.) 10 F. Supp. 245.

In April, 1933, the state of New York enacted a statute (Laws 1933, c. 418 [Penal Law, Consol. Laws, c. 40, § 833]) prohibiting "marathon dancing." That statute prohibits such contests lasting more than 8 hours. While the Florida statute does not fix a time limit, the term is not rendered objectionably vague in the constitutional sense merely because, no time being fixed, a question of degree might be involved. State v. Parker, 87 Fla. 181, 100 So. 260. See, also, Wingfield v. S. C. Tax Commission, 147 S. C. 116, 144 S. E. 846, 857.

In view of the allegations of plaintiff's bill, we are now concerned only with the term "walkathon." Although that term may not have gained as yet a formal definition by lexicographers, its meaning is now sufficiently established and understood in contemporary speech and writing, so that any ordinary person can determine in advance what he may or may not do under it. Enforcement of the Florida statute prohibiting such activity will therefore involve no denial to the plaintiff of organic rights secured by the Federal Constitution, Amendments 5 and 6.

Injunction denied.