## BRADEN et al. v. STATE.
### No. 2040.

Court of Civil Appeals of Texas. Waco.
July 10, 1937.

Weatherby, Rogers & Scott, of Waco, for appellants.

Holvey Williams and C. S. Farmer, both of Waco, for the State.

PER CURIAM.

This suit was brought by the State of Texas, through Holvey Williams, the district attorney of McLennan county, against W. E. Braden and others to enjoin them from conducting and engaging in what is commonly known as a "Walkathon," on the ground that the same was an endurance contest and a nuisance within the provisions of Vernon's Annotated Penal Code, art. 614b (Acts 1934, 43d Leg., 2d C.S., p. 131, c. 62). Upon a trial before the court without a jury, judgment was entered for the plaintiff perpetually enjoining the defendants from further operating said alleged endurance contest. The defendants appealed.

The act under which the suit was brought provides, in part, as follows:

"Sec. 1. It shall hereafter be unlawful for any person to conduct in public competition for prizes, awards or admission fees, any personal, physical or mental endurance contest that continues longer than twenty-four (24) hours.

"Sec. 2. It shall hereafter be unlawful for any person to conduct, within any

period of one hundred sixty-eight (168) hours, in public competition for prizes, awards, or admission fees, more than one (1) such personal, physical or mental endurance contest at the same place or location, and in which any of the same contestants engage.

"Sec. 3. It shall hereafter be unlawful for any contestant to engage in any personal, physical or mental endurance contest for a period of longer than twenty-four (24) hours.

"Sec. 4. It shall hereafter be unlawful for any person to engage, within any period of one hundred sixty-eight (168) hours, in more than one (1) personal, physical or mental endurance contest which is conducted in the same place or location. * * *

"Sec. 7. Any house, structure, building, place or open air space that is being used for the purposes in violation of the provisions of this Act is hereby declared to be a common nuisance. Any person who knowingly maintains or assists in the maintaining of such a place is guilty of maintaining a nuisance.

"Sec. 8. Whenever the Attorney General, or the district or county attorney has reliable information that such a nuisance exists, the Attorney General or the district attorney or county attorney under his direction, shall file in the name of the State in the county where the nuisance is alleged to exist against whoever maintains such nuisance to abate and enjoin the same."

There is no dispute in the material facts. According to the testimony, the contest was being carried on in a large tent near Lake Waco in McLennan county. The contestants were required to move around in a circle on a large platform erected in the center of the tent and in view of the public. They walked, ran, jumped, danced, skipped, or hopped as directed by the master of ceremonies. They were required to keep their feet and bodies continuously in motion for forty-five minutes out of each hour for twenty-three hours each day. Usually the couples worked in pairs, a man and a woman forming a "team." The following appeared on the printed program as a part of the rules of the contest: "All entrants are required to keep in motion 45 minutes on the floor, resting in the quarters for 15 minutes. This routine continues 23 hours out of each 24. Entrants upon losing their teammate may solo for an indefinite period, in the event more than one boy solo is on the floor and a girl should become a solo, the girl may choose a teammate from either of the boy solos, and vice versa. A nurse is on duty at all times and the entrants are examined at regular intervals by the official doctor— Should the event arise nurse or doctor may remove any entrant from further participation regardless of the opinion of any other of the Derbyshow staff. * * * Regulations will be enforced by the floor judge and his decisions are final. 'One fall and they are out.' 'One fall and they are out.' How long will it last?" Sometimes, when a member of a team became exhausted, he or she would rest or sleep for an hour or two at a time by resting the head on the shoulder of his or her teammate. During this period the exhausted contestant would be kept in motion by the assistance of the teammate. A large sign over the arena announced, "One fall and they are out." From time to time the master of ceremonies would announce, "That is the rule; one fall and they are out; if their knees touch the floor, they are disqualified." On one occasion he announced, "As we greet you, we find about ninety per cent of the field in distress, you might say, really just hanging on for dear life. * * *" He described the contest as "the walk of the living dead." On one occasion he said: "The last disqualification, you know, was yesterday morning when Helen Cross was defeated and disqualified when she fell to the floor while being assisted by her partner Jr. Jack Kelley." The contest began on May 30, 1937, and was still in progress at the time of the trial on June 26th of the same year. There were about thirty-five or forty entrants in the contest at the beginning. All of them had been eliminated by exhaustion except eighteen or nineteen, who were still in the contest at the time of the trial. An admission fee was charged members of the public to see the contest, and it was advertised that the contestant remaining in the contest for the longest period would win a prize.

Plaintiff's petition prayed for a temporary injunction pending a trial on the merits, and that upon a final hearing the injunction be made permanent. Upon the filing of the petition, the court immediately set same for hearing on the application for a temporary injunction. On that hearing each of the defendants filed a

plea of privilege to be sued in the county of his residence. These pleas of privilege were stricken out on motion of the State. The defendants demanded a jury trial on the hearing for a temporary injunction, but this request was denied. They filed a motion for continuance on account of absence of one of the attorneys for the defendants and on account of lack of time to prepare for the hearing, but this request was overruled. Each of these rulings is assigned as error. We do not find it necessary to pass on the correctness of these rulings, for, in our opinion, any such error was waived by the subsequent conduct of the attorney for the appellants. The record discloses that at the conclusion of the preliminary hearing the judge announced that a temporary injunction would be granted. Thereupon, counsel for the defendants, desiring to supersede the judgment pending appeal and realizing that under the statute he could not supersede the temporary injunction without the consent of the trial judge, made the following announcement:

"Attorney for Defendants: May it please the Court, while you are writing that, we ask permission to make a general appearance and that the court make it a perpetual injunction for this reason: The damage, of course, is done. Now then, there is no reason why these people should be held here for another term of this court.

"The Court: They won't be, unless you make bond—

"Attorney for Defendants: We are now willing to make general appearance and that the court make the injunction perpetual instead of temporary and all evidence that has been offered may be considered on general appearance. In other words, let us have it over with and we enter a general appearance now. We will file our general answer and ask that the court make it a perpetual injunction instead of a temporary injunction.

"The Court: That's all right with the court. * * *

"Attorney for Defendants: I am not going to try it any more; I am just going to consider the evidence already offered on the perpetual injunction, and will the court add there now that the court is granting a perpetual injunction. Has the court made that entry?

"The Court: I have.

"Attorney for Defendants: In order that the docket may be complete, let it show that the general appearance is made and then note that the injunction is made perpetual.

"Attorney for Plaintiff: At the request of the defendants.

"Attorney for Defendants: I am asking it and the court is granting it, and I think it is a reasonable request."

It will be noted that the ruling here complained of occurred during the preliminary hearing on the application for temporary injunction. Any errors committed on that hearing were waived when appellants thereafter voluntarily entered their appearance and went to trial on the merits.

■■ In fact, we think that appellants, by the conduct above referred to, waived the right to complain of any of the errors here asserted on this appeal. We think it is made clear that counsel for appellants invited, and in fact pressed, the court to enter the very judgment that was entered, and it is a well-established rule that one who has invited the court to enter a particular judgment, or by his own conduct has otherwise induced the trial court to commit error, is estopped to assert that the action of the court is erroneous, even though there has been an attmept to reserve the right to appeal. 3 Tex.Jur. 1028, 1031, and authorities there cited; 3 C.J. 671; 4 C.J.S., Appeal and Error, p. 404; 2 R.C.L. 59; 2 Amer.Jur. p. 974; Texas Portland Cement & Lime Co. v. Lee, 98 Tex. 236, 82 S.W. 1025; Blume v. Shadyacres Investment Co. (Tex.Civ.App.) 83 S.W.(2d) 1026, par. 3; National Bank of Denison v. Kilgore, 17 Tex.Civ.App. 462, 43 S.W. 565; Gossett v. Hensley (Tex.Civ. App.) 94 S.W.(2d) 903, par. 4; Grubbs v. Nash (Tex.Civ.App.) 275 S.W. 257; Posey v. Plains Pipe Line Co. (Tex.Civ.App.) 39 S.W.(2d) 1100; Pair v. Buckholt (Tex. Civ.App.) 60 S.W.(2d) 463; Craighead v. Bruff (Tex.Civ.App.) 55 S.W. 764.

However, in deference to appellants' insistence, we will discuss the other assignments of error. Appellants' next contention is that the act under which this suit was brought is unconstitutional because it does not sufficiently define an endurance contest. This contention was overruled by the Court of Civil Appeals at Dallas in the case of Sportatorium, Inc., v. State, 104 S.W.(2d) 912 (writ dismissed). See, also, Weaver v. Stone (D. C.) 11 F.Supp. 559; City of Birmingham v. Leo A. Seltzer, Inc., 229 Ala. 675, 159 So. 203; Pughe v. Lyle D. C.) 10 F.Supp. 245.

■ It should be noted that the act in question, in addition to making a violation of its provisions a criminal offense, also provides a rule of civil conduct to be applied in a civil action to abate a nuisance. It is in this latter sense that resort was had thereto in this suit. It is not necessary therefore for us to determine whether or not its provisions are sufficient to support a criminal action. It is sufficient if its provisions are definite enough to define a rule of civil conduct to be applied in a civil action. 59 C.J. 1121, § 662; West Texas Coaches v. Madi (Tex.Com.App.) 26 S.W.(2d) 199, and authorities there cited; Houston & T. C. Ry. Co. v. Stevenson (Tex.Com.App.) 29 S.W.(2d) 995; Galveston, H. & S. A. Ry. Co. v. Enderle (Tex.Civ.App.) 170 S.W. 276; Solan & Billings v. Pasche (Tex.Civ.App.) 153 S.W. 672, 673. We think the meaning of the phrase, "personal, physical or mental endurance contest," as used in this statute, is readily understood. We are here dealing with a physical endurance contest. A physical endurance contest, as used in this statute and as applied to the facts of this case, simply means a contest in which human beings engage, for a prize or award or to induce the payment of admission fees, to test the contestants' capacity or power to endure a physical status, position, or exertion for a prolonged period and in which the weaker contestants, or those with lesser stamina, are eliminated by exhaustion, pain, or other physical inability on their part to longer continue in the contest. Numerous statutes with provisions less definite than this one have been held sufficient to form the basis of a rule of conduct to be applied in a civil action. See in addition to the authorities last above cited the following: State v. I. & G. N. Ry. Co., 107 Tex. 349, 179 S.W. 867; State v. T. & P. Ry. Co., 106 Tex. 18, 20, 154 S.W. 1159; Joseph Triner Corp. v. McNeil, 363 Ill. 559, 2 N.E.(2d) 929, 104 A.L.R. 1435; Hygrade Provision Co. v. Sherman, 266 U.S. 497, 45 S.Ct. 141, 69 L.Ed. 402; People ex rel. v. Huls, 355 Ill. 412, 189 N.E. 346; People v. Lloyd, 304 Ill. 23, 136 N.E. 505. This contention is therefore overruled.

■■ Appellants' next contention is that the evidence was insufficient to show a violation of the terms of the statute in question. This contention is based on the fact that the contestants were not required to keep their bodies continuously in motion during all of the twenty-four hours of the day, but were allowed a rest period of one whole hour, and, in addition, fifteen minutes out of each of the other twenty-three hours of the day. The original act regulating endurance contests provided that such contests should not "continue longer than twenty-four (24) hours in any one continuous competitive period of endurance." Acts 1931, 42d Leg., p. 337, c. 204, Vernon's Annotated Penal Code, art. 614a. The Court of Criminal Appeals in Wolfe v. State, 127 Tex.Cr.R. 213, 75 S.W.(2d) 677, held that a conviction could not be had under said statute, where the contestants were allowed to rest fifteen minutes out of each hour, because there was not one continuous competitive period of endurance for the statutory period. The present act omits the requirement for a "continuous competitive period of endurance," and, in lieu thereof, merely requires that the contest shall continue longer than twenty-four hours. Evidently this change was made in order to obviate the necessity of proving that the competitive period of endurance was continuous for more than twenty-four hours. According to the evidence, the contest here under consideration had continued for more than three weeks at the time of the trial. Consequently, the judgment is sustainable under section one of the act. But we think the judgment can also be sustained under section three of the statute. This section makes it unlawful for any contestant to engage in any endurance contest for a period longer than twenty-four hours. The brief periods of rest allowed between the periods of work were so short that they were entirely out of proportion to the normal period of rest usually allowed for the recreation of the human body. There was therefore no substantial cessation of the contest. See Sportatorium, Inc. v. State, supra. If the parties could thus break the continuity of the contest and avoid the penalty of the statute by allowing a rest period of fifteen minutes out of the hour, they could do so by allowing only one minute of rest during each hour and thereby wholly defeat the purpose of the law. The trial court had the right to look through the veil and view the evidence as a whole and to determine whether or not the contestants had in fact been engaged in an endurance contest for a period longer than twenty-four hours. The evi-

dence supports the trial judge's affirmative finding thereon.

We have carefully examined all of the other assignments of error and find them without merit.

The judgment of the trial court is affirmed.