POPE v. COMMONWEALTH BONDING & CASUALTY CO. (No. 1320.)

(Court of Civil Appeals of Texas. Texarkana. May 8, 1914. Rehearing Denied May 21, 1914.)

1. APPEAL AND ERROR (§ 883*) — QUESTIONS REVIEWABLE—PEREMPTORY INSTRUCTIONS— CONSENT OF PARTIES.

Where the court intimated to the parties that it would not allow a verdict to stand for defendant, and a consultation between the court and the attorneys resulted in the suggestion that a peremptory instruction should be given, and thereafter defendant's attorneys consulted defendant, and announced that they had no objection to that proceeding, defendant consented to a peremptory instruction, and could not complain on appeal thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3611; Dec. Dig. § 883.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

2. TRIAL (§ 45*)—CONDUCT OF TRIAL—EXCLUSION OF EVIDENCE.

Where the court asked counsel for defendant whether he had any testimony to offer, and counsel replied that he had not, but that he rested, an assignment complaining that the court over the objection of defendant made defendant rest his case before introducing all his testimony was without merit.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 110–114; Dec. Dig. § 45.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action to cancel an accident and health policy by the Commonwealth Bonding & Casualty Company against Francis M. Pope, who, by cross-action, sought a recovery on the policy for an accidental injury. From a judgment canceling the policy and denying. relief on the cross-action, defendant appeals. Affirmed.

McLean, Scott, McLean & Bradley, Frank R. Graves, and Mays & Mays, all of Ft. Worth, and D. A. Frank, of Dallas, for appellant. Capps, Cantey, Hanger & Short and David B. Trammell, all of Ft. Worth, for appellee.

LEVY, J. The suit was brought by appellee against appellant to cancel an accident and health policy, upon alleged grounds of fraud in procuring the issuance of the same. The defendant answered by denial, and by cross-action sought recovery on the policy for an alleged accidental injury to the left leg, resulting in its partial loss, and also for libel. The court peremptorily instructed a verdict for the cancellation of the policy, and against the cross-action of the defendant. The appellant predicates error upon the giving of the peremptory instruction. There appears in the statement of facts, properly agreed to by the parties and approved by the court, the recital of proceedings had immediately before the instruction was given.

[1] According to the record, without copying the whole statement, the court had the jury to retire, and then intimated to the parties that he would not allow a verdict to stand in favor of appellant, in view of the testimony, and "thereupon a general consultation between the court and the attorneys for both sides as to the course that should be pursued occurred," which resulted in the final suggestion that a peremptory instruction be given. After the consultation between the court and the attorneys had occurred, the record states that "thereupon Pope's attorneys. asked for time to consult their client, and they and Pope retired to the rear of the courtroom, and after some minutes returned and announced that they had no objection to that proceeding." The effect of the proceeding was, we think, that appellant consented to the giving of the peremptory instruction, and, having consented, he cannot now complain. English v. City of Ft. Worth, 152 S. W. 179.

[2] The second assignment makes the contention that the court, over the objection of the defendant, made the defendant rest his case before he had introduced all of his testimony. The recital mentioned of the proceedings shows that the court asked counsel for the defendant, "Have you any testimony to offer on behalf of the defendant?" to which the attorney replied, "We have not, your honor; we rest."

In the state of the record the judgment is affirmed.