NORTHEAST TEXAS MOTOR LINES, INCORPORATED, V. J. L. HODGES.

No. 7777.  Decided January 7, 1942.
Rehearing overruled February 11, 1942.
(158 S. W., 2d Series, 487.)

*R. T. Bailey,* of Dallas, for plaintiff in error.

The Court of Civil Appeals erred in overruling defendant's objection to the special issues regarding the question of whether the blinding headlights was a new and independent cause of the collision, because the same was not so framed as to place the

burden of proof upon the plaintiff. Rosenthal Dry Goods Co. v. Hillebrandt, 7 S. W. (2d) 521; Horton & Horton v. House, 29 S. W. (2d) 984; Dallas Ry. Co. v. Little, 109 S. W. (2d) 289.

*Smith & Dowdy,* of McKinney, and *John W. West* and *W. H. Hall,* of Dallas, for defendant in error.

It was not error for the Court of Civil Appeals to overrule plaintiff in error's proposition set out above. West Texas Trans. Co. v. Hash, 43 S. W. (2d) 153; Braden v. State, 108 S. W. (2d) 314; Texas Emp. Ins. Assn. v. McNorton, 92 S. W . (2d) 562, writ of error dismissed, 132 Texas 168, 122 S. W. (2d) 1043.

MR. JUDGE BREWSTER delivered the opinion of the Commission of Appeals, Section A.

This is a suit for damages brought by J. L. Hodges, respondent, against Northeast Texas Motor Lines, Inc., petitioner, for injuries to Mrs. Hodges and damage to his truck alleged to have been sustained in a collision between petitioner's truck and one driven by Hodges. A jury verdict on special issues resulted in a judgment for Hodges, which was affirmed by the Court of Civil Appeals, at Dallas. 141 S. W. (2d) 386. A full statement of the case is there given, hence the same will not be repeated here, except as may be necessary to explain our views.

Petitioner urges five points of error, all relating to the court's charge. The first complains of the form and substance of an issue submitted ,the other four complain of the refusal of six requested issues.

Special issue 13, of the court's charge, was as follows:

"Do you find from a preponderance of the evidence that the blinding headlights of the automobile that J. L. Hodges met immediately prior to the collision in question was a new and independent cause of the collision in question?"

Petitioner contends that this issue placed the burden of proof on it rather than on Hodges. We have concluded that we are not called upon to decide whether there was error in this regard. The record reflects that "before the court's charge has been read to the jury" petitioner presented to the court twenty-nine requested special issues. The twenty-seventh of these was

in the exact language of the aforesaid special issue No. 13, which circumstance is explained by the trial court's order noted on requested special issue No. 27, as follows:

"The foregoing Special Requested Issue of the defendant was presented to the court and counsel for the plaintiff before the court's charge had been read to the jury, and the same was by the court given as special issue No. 13, to which action of the court the defendant excepted."

Next following said requested special issue No. 27 and the court's above-quoted notation thereon was "Defendant's Requested Special Issue No. 28," which was as follows:

"Do you find from a preponderance of the evidence that the blinding headlights of the automobile that J. L. Hodges met immediately prior to the collision in question was *not* (italics ours) a new and independent cause of the collision in question?"

Then followed the court's notation of refusal and exception by petitioner.

■ The only difference, therefore, between the two issues so requested by petitioner is that the word *not* appears in No. 28, which was refused, and is absent from No. 27, which was given. Clearly the two issues carry the same ultimate disputed fact, and whichever one was given the court could take an affirmative answer thereto and enter the same judgment thereon as he could enter on a negative answer to the other. So, in practical effect, the only error, if any, in the court's submission of requested special issue No. 27 rather than No. 28 was that he thereby placed the burden of proof on the defendant (petitioner) rather than on the plaintiff (Hodges) as he would have done had he given requested special issue No. 28.

However, we believe the situation presents no reversible error for the obvious reason that the error, if any, was made at the invitation and solicitation of the petitioner, the trial judge having certified that he gave requested special issue No. 27 as special issue No. 13 of his charge. It is an elementary principle supported by many authorities that a litigant cannot ask something of a court and then complain that the court committed error in giving it to him. The rule, grounded in even justice and dictated by common sense, is that he is estopped. Texas & P. Ry. Co. v. Gibson (Com. App.), 288 S. W. 823; Guaranty State Bank v. Beard (Civ. App.), 18 S. W. (2d) 679;

Braden v. State (Civ. App.), 108 S. W. (2d) 314; Whitehead v. Traders & General Ins. Co. (Civ. App.), 128 S. W. (2d) 429, citing numerous authorities; 3 Tex. Jur., sec. 733, p. 1033.

Nor is petitioner's point saved, as it contends, by the fact that it presented a correct charge in requested issue No. 28. If it presented the two issues together it did so knowing that the court could not, in reason, give both but would have to choose between them. So, having put the court in a dilemma, it cannot now be heard to complain that he chose the issue the more onerous to it. The same principle would apply to a consecutive tender of the two issues since that would mean that No. 27 was presented first. Having requested and secured its submission petitioner certainly cannot successfully protest the court's refusal later to give a second issue different only in that it reversed the burden of proof. Otherwise, our practice permitting the parties to tender issues to a trial judge striving to construct a correct charge would cease to be a helpful contribution to orderly judicial process.

Petitioner's remaining four points of error will be considered together since they relate to the trial court's refusal of six requested special issues and to the Court of Civil Appeals' holding that such refusal was not error because all the factual elements embodied in the six requested instructions were submitted in other issues given in the court's charge.

These requested issues were in two groups. Issue No. 7 was as to whether immediately prior to the collision Hodges was operating his truck at such rate of speed that he could not stop it within the range of his vision. Nos. 8 and 9 inquired, respectively, whether such operation was negligence and whether such negligence proximately contributed to cause the collision. Requested special issue No. 12 inquired as to whether immediately prior to the collision Hodges failed to reduce the speed of his truck upon meeting an automobile with blinding lights approaching from the opposite direction. Nos. 13 and 14 inquired, respectively, whether such failure was negligence and whether such negligence proximately contributed to cause the collision.

Clearly both requested special issues 7 and 12 related solely to the *manner* of Hodge's operation of his truck immediately prior to the collision, the one as to whether he was so operating it that he could not stop it within his range of vision,

the other as to whether he failed to reduce its speed upon meeting blinding lights from another direction, one defense being that Hodges collided with defendant's truck because just prior thereto he met the car with blinding headlights and did not then properly operate or control his own vehicle. It has never been the policy of the law to lengthen and complicate special issue charges by requiring trial courts to give issues that merely submit various phrases or other shades of meaning of an issue already in the charge. It is required only that each controlling issue raised by the pleadings and the evidence be submitted once, fairly, simply and succinctly. Otherwise, such charge could be drawn out to interminable length confusing not alone to the jury but to court and counsel as well.

We believe that Special Issue 15-G, given at the request of petitioner, *"Do you find from a preponderance of the evidence that on the occasion in question, J. L. Hodges failed to have his truck under proper control?"* included the subject matter of refused requested issue No. 7 as to whether Hodges was operating the truck at such rate of speed as that he could not stop it within his range of vision, and included the inquiry in refused requested issue No. 12 as to whether he failed to reduce the speed of his truck upon meeting an approaching automobile that had blinding lights. If he was operating his truck at such speed that he could not stop it within his vision range, if he failed to reduce its speed upon meeting the blinding lights of an approaching automobile, manifestly *he was failing to have his truck under proper control.* The issue given and the two refused related alike to the *manner in which Hodges operated his truck* immediately before he collided with petitioner's truck, that is, his conduct after he met the car with the blinding headlights, this last circumstance being pleaded by both sides, fully developed in the testimony and therefore presumably well understood by the jury. The several inquiries under consideration were merely various phrases and different shades of meaning of one ultimate defensive fact issue, that is, *lack of proper control of his truck by Hodges.* Having given such issue once in the form of Special Issue No. 15-G, above quoted, the trial court properly refused to repeat it twice in other language as carried in requested issues 7 and 12. It follows, as a matter of course, that he was likewise correct in refusing the ancillary issues of negligence and contributing proximate causation tendered in connection with said requested issues 7 and 12.

■ The writ of error was granted herein on the first point assigned, that is, the alleged error in the manner of submission

of special issue No. 13. Respondent has moved to dismiss the writ for want of jurisdiction on the ground that the writ was improvidently granted because of the theory of invited error which we have discussed in passing on said first point. Although it may be conceded that the writ was improvidently granted, the rule is that when the Supreme Court takes jurisdiction by writ of error it may extend the same to all questions of law properly presented, Moore v. Davis (Com. App.) 27 S. W. (2d) 153, unless in granting the writ under subdivision 6, of art. 1728 (1925) it expressly limits its jurisdiction to the point upon which the writ is granted. Holland v. Nimitz, 111 Texas 419, 239 S. W. 185; subdiv. 6, art. 1728, R. S., 1925. So we have considered all points of error assigned, thereby overruling respondent's motion to dismiss.

Accordingly, respondent's motion to dismiss the writ of error is overruled, and the judgment of the Court of Civil Appeals affirming the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court January 7, 1942.

Rehearing overruled February 11, 1942.