William J. REID et al., Appellants,

v.

NORTEX CONSTRUCTION COMPANY, Inc., et al., Appellees.

No. 16151.

Court of Civil Appeals of Texas.

Dallas.

March 15, 1963.

Rehearing Denied April 12, 1963.

Clair F. Achenbach, Dallas, for appellants.

J. E. Abernathy, McKinney, for appellees.

BATEMAN, Justice.

Appellants brought this suit against Nortex Construction Co. Inc. (herein called Nortex) and its president D. A. Terry for actual and exemplary damages. They allege that several years after they acquired their homes in a certain addition near Renner, Texas, not within any municipality or water district, Nortex purchased the water well from which the homes of appellants and other residents in the addition had been served at flat monthly rates, and then "unilaterally" attempted to change the rates by installing water meters and establishing a graduated schedule of rates. Appellants also alleged that the water furnished by Nortex was inadequate both in quantity and in quality; also that appellees trespassed upon the property of appellants and invaded their privacy in connection with the installation of water meters; also that appellees without probable or reasonable cause had the appellant Wulfe arrested and taken before a justice of the peace, who quashed the complaint.

The jury found in answer to special issues (1) that the failure of appellees to observe the flat monthly rates after October 1961 resulted in no damages to appellants; (2) that appellees did not fail to provide an adequate supply of water to appellants; (3) that appellees did not fail to provide an adequate quality of water to appellants; (4) that appellees did not commit any trespass upon property of appellants; (5) that appellee Terry was not prompted by malice and did not act without probable cause in making the affidavit upon which the warrant for Wulfe's arrest was issued; (6) that the complaint against Wulfe was not terminated in his favor; and (7) that the terms for installation of water meters, repairs and water rates charged by appellees were reasonable, fair and just. Judgment was rendered upon the verdict that appellants take nothing. We affirm this judgment.

By their first point of error appellants challenge the correctness of the court's action in overruling their motion for judgment *non obstante veredicto* "upon the conflict of the answers of the jury to Special

Issues 1 and 2 and Special Issue 39." This point is without merit. In the first place, no such ground is mentioned in the motion for judgment *n. o. v.* In the second place, no conflict exists between the jury findings mentioned, as hereinbelow demonstrated. In the third place, even if such a conflict existed, it could not be the basis for a judgment *n. o. v.* in favor of appellants, but at most a ground for a new trial. In answer to the first two special issues the jury found (1) that before October 1961 there was a certain flat rate base for water from appellees' well, and (2) that appellees failed to observe the terms thereof after October 1961. In answer to Special Issue No. 39 the jury found that the terms for installation of water meters, repairs and water rates charged by appellees, as set forth in detail in the issue, were reasonable, fair and just. Appellants did not prove any contractual or other right to a continuation of the flat rates they were paying prior to October 1961. Therefore, we fail to see how there could be any conflict in these findings, and the point is accordingly overruled.

Appellants also contend that the aforesaid answer to Special Issue No. 39, as well as the findings that appellees did not fail to provide either an adequate supply or adequate quality of water, that appellees did not commit any trespass on appellants' property, and that the affidavit leading to Wulfe's arrest was not prompted by malice or made without probable cause, were all against the great weight and preponderance of the evidence. We have considered and weighed all of the evidence and cannot say from such examination that any of the findings so questioned are so against the great weight and preponderance of the evidence as to be manifestly unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. In our opinion, all of such findings are amply supported by the evidence. Accordingly, these points are overruled.

Appellants next say the court erred in not setting aside the jury's answer to Special Issue No. 30-A, wherein it was found that the complaint against appellant Wulfe was not terminated in his favor. They argue that the act of the justice of the peace in marking on the warrant the words "invalid complaint" is tantamount to a termination in favor of the accused. However the justice of the peace testified that the case had not been dismissed but was still pending. The words "invalid complaint" on the back of the warrant, undated and unsigned, would not constitute an adjudication in any sense of the word, or even a dismissal. This point is likewise overruled.

Appellants' next contention is that the court erred in setting aside the jury's answers to Special Issues Nos. 34, 35, 36 and 37 and "then failing to make specific findings as required by law." The jury found in answer to Special Issues Nos. 34–37 that appellees invested $4,000. in the water system and expended an average of $192.04 per month for the operation and maintenance of it. These issues were evidently submitted in connection with appellants' attack on the reasonableness of the rates charged by appellees. Appellees filed a motion to disregard such findings as not supported by pleadings or evidence, and also moved the court to make special findings that the rates charged were reasonable, fair and just and not extortionate. In its judgment the court sustained both motions and made a specific finding that the charges of appellee Nortex for water meters, repairs and water were reasonable, just and fair (setting out specifically the graduated schedule of water rates exactly as contained in Special Issue No. 39, in answer to which the jury had said that such charges and rates were reasonable, fair and just). This point is overruled for two reasons: (1) the appellants themselves said in their motion for judgment *n. o. v.* that the jury findings in answer to Special Issues 34, 35 and 37 should be disregarded by the court as being without support in the evidence and therefore cannot very well complain of the action of the court in

doing so;* and (2) the court did make the specific findings as to reasonableness of charges.

■ Although appellants' petition does not so indicate, they argue in this court that their right should have been determined under the provisions of Art. 1128, Vernon's Ann.Tex.Civ.St. but that the trial court disregarded said statute. This statute is inapplicable to the facts of this case; it is a part of Section 4, Chapter 10, Title 28, V.A.T.S. Title 28 relates to the general subject of "Cities, Towns and Villages"; Chapter 10 relates to "Public Utilities" in cities, towns and villages and Section 4 relates to "Judicial Regulation" of such public utilities and consists of Articles 1125–1132, the gist of which, for our purposes, is that cities and towns may invoke the jurisdiction of district courts to fix and establish utility rates. We find no warrant in the law for individuals to invoke such jurisdiction for such purpose and for this additional reason, appellants' point last mentioned must be overruled.

■ Appellants next contend that the trial court erred in admitting evidence relating to the cost of the water system and expenditures in connection with its operation. This point is not germane to any assignment of error in the motion for new trial and may therefore not be considered here. Rules 374 and 418, Vernon's Texas R.C.P.; Johnson Aircrafts v. Wilborn, Tex. Civ.App., 190 S.W.2d 426, 428, err. dis. Moreover, neither the point nor the statement under it directs our attention to the particular evidence complained of; nor does the record reflect that any objection was made by appellants at any time such evidence was offered. For these additional reasons we hold that the point is not properly presented and will not be considered.

Finding no error in the record requiring reversal, the judgment is affirmed.

* Special Issue No. 36 merely inquired as to whether appellees had expended monies for the operation and maintenance of the water system and well. The jury's answer thereto, which appellants did not move the court to disregard, was "They have."