Clarice SCHAD et al., Appellants,

v.

W. J. WILLIAMS et al., Appellees.

No. 16650.

Court of Civil Appeals of Texas.

Dallas.

Dec. 31, 1965.

Rehearing Denied Jan. 28, 1966.

Clair F. Achenbach, Dallas, for appellants.

Finklea & Finklea, Dallas, for appellees.

WILLIAMS, Justice.

Alleging false representations, breach of oral warranty and implied warranty, appellants brought this action against appellees to recover damages for the alleged construction defects of a house purchased by appellants from appellees. The case was submitted to a jury upon special issues and in answer thereto the jury found (1) that prior to the signing of the contract of sale appellees represented to appellants that the house in question would be constructed with good workmanship and good materials; (2) that when such representations were made appellees intended to construct the house in question with good workmanship and good materials; (6) that prior to the time appellants purchased the house in question appellees represented to appellants that the house in question was constructed of good workmanship and good materials; and (7) that such representations so made by appellees were not untrue. Based upon such verdict the trial court rendered judgment that appellants take nothing against appellees.

Appellants seek reversal of the judgment upon the following points of error:

"(1) The error of the trial court in refusing appellants' written requested special issues.

"(2) The error of the trial court in forcing an election of the theory of recovery.

"(3) The error of the trial court in overruling appellants' motion for judgment non obstante veredicto.

"(4) The error of the trial court in overruling appellants' motion for new trial."

■ Before giving consideration to these points we take notice of a request by appellees that we consider only those points of error which are properly germane to assignments of error presented by appellants in their original motion for new trial and not those contained in their alleged "Motion to Reconsider" or "Amended Motion for New Trial". The record reveals that following the jury's verdict appellants' motion for judgment *non obstante veredicto* was overruled and judgment was rendered for appellees on April 27, 1965. Appellants filed a motion for new trial on April 29, 1965 and the trial court overruled this motion on May 14, 1965 by written order duly signed and entered on May 28, 1965. On May 27, 1965, twenty-eight days after the filing of the original motion for new trial, and after the court had heard the motion for new trial and acted upon the same, appellants filed a motion which was styled "Motion to Reconsider" but in the body of which the designation is that of "Amended Motion for New Trial". The court heard this motion on June 4, 1965 and overruled the same. Rule 329b, Texas Rules of Civil Procedure, controls the filing of amended motions for new trial and provides that an original motion for new trial may be amended before the original motion is acted upon and within twenty days after the original motion for new trial is filed. Appellants' so-called "Motion to Reconsider" or "Amended Motion for New Trial" violates this rule in that it was filed after the court had acted upon the original motion for new trial and was filed more than twenty days after the filing of the original mo-

tion for new trial. In this state of the record the second motion filed by appellants is of no effect. Accordingly, appellants are limited on their appeal to those points which may have been properly raised in their original motion for new trial, together with such other matters which we may consider under the provisions of Rule 324, T.R.C.P. Dyche v. Simmons, Civ.App., 264 S.W.2d 208; Arana v. Gallegos, Civ.App., 279 S.W.2d 491.

Appellants' first point of error fails to comply with Rule 418, T.R.C.P. which states that a point of error should direct the attention of the court to the specific error relied upon. The point is multifarious in that it charges the trial court with error in refusing all of appellants' written requested special issues without enumerating any one or more of same. However, in the spirit of liberal construction of briefing rules we have carefully examined the statement and argument of appellants under their first point of error in an effort to ascertain the exact error complained about. Fambrough v. Wagley et al., 140 Tex. 577, 169 S.W.2d 478. From this examination of appellants' argument we conclude that the complaint is directed to the alleged action on the part of the trial court in refusing to submit a special issue relating to the allegation of implied warranty. In Paragraph 3 of appellants' motion for new trial it is alleged that the trial court committed error in refusing to give a timely requested special issue of plaintiffs covering implied warranty as follows: "Do you find from a preponderance of the evidence that the house in question was not constructed with good workmanship and good materials?" However, upon examination of the special issues requested by plaintiffs prior to the time the court submitted his charge to the jury we do not find such issue requested in any of them. In plaintiffs' objections and exceptions to the charge of the court we find the following statement:

"Plaintiff further excepts to the special issues submitted for the reason that there is no special issue submitted

prior to Special Issue No. 11 of the nature and tenure as follows:

"Do you find from a preponderance of the evidence that the house in question was constructed with good workmanship and good materials? Answer 'yes' or 'no'. The same being a necessary special issue for submission to the jury to establish a basis for implied warranty and recovery thereunder."

It is to be observed that the quoted special issue contained in the original motion for new trial is not the same as that quoted in the plaintiffs' objections and exceptions to the court's charge. The one contained in the objections and exceptions is so framed to place the burden of proof upon the defendant, or appellees here.

Rule 279, T.R.C.P. is a comprehensive rule dealing with the submission of special issues in a case tried before a jury. It is therein provided that "Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment * * *." It is generally held that a mere objection or exception to a charge on the ground that it fails to submit a particular issue is not a sufficient request for such submission. 3 Tex.Jur.2d § 147, p. 420, and cases therein cited. In a few instances it has been held that where the objection clearly directs the court's attention to the failure to submit an issue and sets forth the proper issue sought to be given, such does amount to a request for the submission of such issue. Richards v. Westmoreland, Civ.App., 63 S.W.2d 715. However, we think that the spirit of the rule, as well as the express provision thereof, is clearly to the effect that, regardless of how the request is made, that is, whether it is made in the form of a requested special issue or incorporated in the objections and exceptions to the charge, yet such request must be in substantially correct form. In this instance a careful examination of appellants' objections and excep-

tions, copied above, reveals that they do not specifically request the court to give the issue and, moreover, the issue, as set forth in the objections and exceptions, improperly places the burden of proof upon the appellees, defendants below. The submission of the issue in the form set out by appellants would have constituted error and therefore cannot be said to be substantially correct. Mitchell v. Mills, Civ.App., 264 S.W.2d 749. Having carefully considered appellants' position in this matter and applying the most liberal construction upon the rules, we are compelled to the conclusion, and so hold, that appellants have failed to comply with Rule 279, T.R.C.P. in making request for the submission of an affirmative issue.

There is an additional reason why we believe that appellants' first point is not well taken. The jury found, in answer to Issues 6 and 7, that appellees represented to appellants that the house had been constructed with good workmanship and good materials and that such representation was true. This, in effect, amounts to a finding that the house had been constructed of good workmanship and good materials. Rule 279, T.R.C.P. provides for the submission of controlling issues and prohibits the case being reversed because of the failure to submit other and various phases or different shades of the same issue.

Appellants' second point, in which it is alleged that the trial court forced an election of the theory of recovery, is not germane to any assignment contained in appellants' motion for new trial and may therefore not be considered here. Rules 374 and 418, T.R.C.P.; Johnson Aircraft v. Wilborn, Civ.App., 190 S.W.2d 426; Reid v. Nortex Construction Co., Civ.App., 366 S.W.2d 870. Even if germane the point is without merit since the record fails to reveal any action on the part of the trial judge which could conceivably be construed as coercing or requiring appellants to make an election of grounds of recovery.

Appellants' third point complains of the trial court's action in not sustaining their motion for judgment *non obstante veredicto*. We have carefully examined the argument and authorities under appellants' Point 3 and find that the complaint seems to be directed towards the action of the court in submitting Special Issues Nos. 2, 6 and 7. However, these complaints are not brought forward in appellants' motion for new trial or briefed in appropriate points of error.

 An attack upon the action of a trial judge in overruling a motion for judgment *non obstante veredicto* must of necessity constitute a "no evidence" point as opposed to an "insufficiency of the evidence" point. Appellants argue that they were entitled to a directed verdict in this case, although the record fails to reveal that one was requested. A directed verdict is only proper where there is no evidence to support the submission of an issue to the jury. We have examined this record in the light of the rule announced by our Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W. 2d 660, and find ample evidence to support the submission of the various special issues to the jury. Accordingly, appellants' complaint must be overruled. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; Shelton v. Belknap, 155 Tex. 37, 282 S.W.2d 682; Davidson v. Methodist Hospital of Dallas, Civ.App., 348 S.W.2d 400.

Appellants' fourth and final point of error complaining of the action of the trial court in "overruling appellants' motion for new trial" is obviously insufficient to meet the requirements of any of the briefing rules. It amounts to an effort to group together all points contained in the motion for new trial and is therefore multifarious. It does not direct our attention to any particular act or omission on the part of the trial court which might constitute reversible error. We are not aided by the statement or argument of appellants under this point in our effort to determine specifically what appellants are aiming at in this "shotgun" point. We have carefully

examined each assignment contained in appellants' motion for new trial and find none to reflect reversible error.

The judgment of the trial court is

Affirmed.