**Frieda Halleck SAPER et al., Appellants,**

**v.**

**Carl Ray RODGERS et al., Appellees.**

**No. 15031.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Sept. 21, 1967.

Rehearing Denied Oct. 5, 1967.

---

W. Douglas Matthews, Houston, Carroll, Matthews & Willatt, Houston, of counsel, for appellants.

Clawson, Jennings & Clawson, Max H. Jennings, Houston, for appellees.

COLEMAN, Justice.

This is an action for damages for personal injuries sustained in an automobile-truck collision. After a trial to a jury the trial court, on the motion of the *defendant*, entered a judgment non obstante veredicto disregarding the answers of the jury finding that one of the *plaintiffs* failed to keep a proper lookout to the rear, and entered a judgment for the *plaintiffs* on the remaining findings of the jury. The plaintiffs are appellants.

Appellants predicated their appeal on the proposition that the trial court erred in sustaining the appellees' motion to disregard the defensive issues on lookout since (1) they were answered favorably to appellees, and (2) there was evidence requiring that the issues be submitted, although the answer returned was contrary to the great weight and preponderance of the evidence. Appellants submit the further proposition that the answers returned in response to the issues on damages were contrary to the great weight and preponderance of the evidence.

Mrs. Saper, the driver of the automobile, testified that she could not honestly say whether she ever saw appellee's vehicle at any time before the collision. Appellee,

Carl Ray Rodgers, the driver of the vehicle owned by appellee, York Transport Company, testified that as he neared the intersection of Travis and Calhoun Streets in the City of Houston, Texas, at or about 5:30 p. m. the automobile driven by Mrs. Saper moved into the lane in front of his vehicle and stopped suddenly insofar as he was concerned. He explains his statement that she changed lanes in this manner (quoting from appellants' brief):

"The Defendant driver, Carl Ray Rodgers, testified that he had a green light at the intersection in question from the time he left the intersection one block back, that he intended to go on through the green light at the intersection in question, that Mrs. Saper's car was not in his lane ahead of him when he glanced in his outside right rear view mirror in order to see if he could change lanes, that when he looked back Mrs. Saper's car was in his lane ahead of him, that when he looked back he was about three car lengths from the intersection in question and the light had turned yellow, that he assumed Mrs. Saper had changed lanes from the lane to the left of him into the lane he was traveling in, and that when Mrs. Saper stopped her car the light was yellow and not red, that he was intending to go on through the intersection since he was so close to it and the light was yellow, and that for these reasons Mrs. Saper's stop was a sudden stop for him." (S.F. 385–395)

The jury found that Rodgers operated the truck more closely behind the car driven by Frieda Saper than such would have been operated by a reasonably prudent person in the exercise of ordinary care under the same or similar circumstances and that this conduct was a proximate cause of the collision. It found that Rodgers negligently failed to keep a proper lookout, which was a proximate cause of the collision.

The jury refused to find that Frieda Saper stopped her automobile more suddenly than would have a person of ordinary pru-

dence in the exercise of ordinary care under the same or similar circumstances; and it refused to find that *just before and at the time of* the accident in question Frieda Saper turned her automobile into the lane of traffic ahead of the vehicle being driven by Carl Ray Rodgers. The jury then found that just before the accident in question Frieda Saper failed to keep such a lookout for other vehicles to her rear on Travis Street as would have been kept by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances and that this failure was a proximate cause of the accident in question. These issues finding appellants guilty of contributory negligence were the issues disregarded by the trial judge on the motion of appellees.

 This action of the trial court constitutes error. Issues may be disregarded if they are supported by no evidence. Only that evidence and reasonable inferences therefrom which support the jury's findings can be considered by a reviewing court in determining whether these findings have support in the evidence. The negative answers of the jury to the issues on changing lanes and sudden stop do not establish that Mrs. Saper did not change lanes or did not make a sudden stop. The jury merely failed to find from a preponderance of the evidence that she did these things. A special issue may be disregarded, though properly submitted, where it has been rendered immaterial by other findings. If the finding upon such issue creates a fatal conflict with other findings or otherwise affects the legal significance of the verdict and the judgment to be entered, the issue is material and must not be ignored. Here the finding would require the entry of a judgment for the defendants rather than for the plaintiffs, and is, therefore, material. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.1966).

Appellants urge that the court erred in acting upon the motion to disregard the issues in question since the court had no au-thority to act on its own motion, and since the issues were answered in favor of the movant.

 Rule 279, Texas Rules of Civil Procedure, provides: " * * * A claim that the evidence was insufficient to warrant the submission of any issue may be made for the first time after verdict, regardless of whether the submission of such issue was requested by the complaining party." Neither this rule nor Rule 301, T.R.C.P., authorizing the trial court to disregard a special issue jury finding having no support in the evidence, requires that the motion be made by a party only if the answer is unfavorable. No case has been cited deciding the question. The Rules are not so ambiguous as to require interpretation and we decline to add to them words not found therein. The trial court did not err in entertaining the motion.

 Appellees have presented a cross-point that if the special issues in question were not properly disregarded, the judgment should be rendered by this Court on the verdict of the jury as returned into court. Appellees state that it was their contention in the trial court that judgment should have been entered on the verdict and that the motion to disregard was presented when the trial court refused to do so. It appears that the trial court indicated that he was inclined to grant a motion for new trial on the ground that the answers to the issues in question were not supported by the evidence, unless one of the parties would present a motion to disregard. Nevertheless, by presenting such a motion appellees led the court into error, and cannot complain on appeal. Northeast Texas Motor Lines, Inc. v. Hodges, 138 Tex. 280, 158 S.W.2d 487 (1942, opinion adopted); Reid v. Nortex Construction Company, 366 S.W.2d 870 (Tex.Civ.App., Dallas 1963, error ref., n.r. e.); Panos v. Foley Bros. Dry Goods Co., 198 S.W.2d 494 (Tex.Civ.App., Galv. 1946); Pope v. Commonwealth Bonding & Casualty Co., 166 S.W. 1195 (Tex.Civ.App., Texark. 1914, err. ref.); Braden v. State, 108 S.W.

2d 314 (Tex.Civ.App., Waco, 1937); Whitehead v. Traders & General Ins. Co., 128 S.W.2d 429 (Tex.Civ.App., Amarillo 1939).

 This error does not require a reversal of the case insofar as the rights of Lisa Saper and Michelle Saper, minors, are concerned, since the defense of contributory negligence would not defeat a recovery by the children, passengers in the automobile. Appellants, however, contend that the judgment as to these children should be reversed because the damages awarded are inadequate and the answers made to the damage issues are contrary to the great weight and preponderance of the evidence. This contention must be sustained with reference to Special Issue No. 22 concerning the physical pain and mental anguish suffered by Lisa Saper. The answer of "None" returned by the jury is contrary to the great weight and preponderance of the evidence.

The jury awarded the sum of $500.00 for the physical pain and mental anguish suffered by Michelle Saper. The evidence would have supported a much larger award. However, a consideration of the entire record fails to demonstrate that the jury was influenced by any improper motives or that the award is obviously wrong. The determination of the sum of money necessary to adequately compensate one for physical pain and mental anguish is a question which should be left to the jury in the absence of improper influence or obvious mistake.

Other assignments of error appear in the brief, but a discussion of these points is unnecessary in view of the judgment of this Court.

In C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.1966), the Supreme Court remanded the case for a new trial under the authority of Rule 505, T.R.C.P., for the reason that the justice of the case demanded another trial. The facts in that case are quite similar to the facts in this case insofar as Frieda Saper is concerned. Rule 434, T.R.C.P., under the facts of this case, authorizes this Court to remand for a new trial. London Terrace v. McAlister, 142 Tex. 608, 180 S.W.2d 619 (1944).

The judgment is affirmed as to Michelle Saper, and ordered severed. The judgment is reversed as to Lisa Saper and Frieda Saper and is remanded for a new trial.

Affirmed in part and in part reversed and remanded.