**Charles A. MILLER, Appellant,**

v.

**Emma H. MILLER, Appellee.**

No. 6171.

Court of Civil Appeals of Texas,
El Paso.

May 12, 1971.

Rehearing Denied June 2, 1971.

Pepos S. Dounson, San Antonio, for appellant.

Malcolm McGregor, El Paso, for appellee.

OPINION

PRESLAR, Justice.

This is an appeal from an Order of the Trial Court overruling the Defendant's Motion to set aside a default judgment.

We affirm.

Appellant was the Defendant in this suit for divorce and he failed to file an answer or appear for trial, but filed his motion for new trial within ten days of the judgment and a hearing on such motion was held within thirty days of the date of judgment.

Appellant's point of error Number One is:

"The Court committed error in overruling the Appellant's motion to set aside and vacate the judgment and leave the case as a pending case on the trial Court's docket."

This point of error fails to comply with Rule 418, Texas Rules of Civil Procedure in that it does not direct the Court to the specific error relied upon. Schad v. Williams, 398 S.W.2d 603 (Tex.Civ.App. 1965, ref. n. r. e.) That case condemns such a motion in these words:

"Appellants' fourth and final point of error complaining of the action of the trial Court in 'overruling Appellants' motion for new trial' is obviously insufficient to meet the requirements of any of the briefing rules. It amounts to an effort to group together all points contained in the motion for new trial and is therefore multifarious. It does not direct our attention to any particular act or ommission on the part of the trial Court which might constitute reversible error."

The record in the case before us reflects that Appellant was duly served

with citation but that he failed to appear. His motion for new trial contains a factual account of correspondence and telephone calls from the Plaintiff-wife during the period of time between the filing of the suit and its trial date. Even a liberal construction of the briefing rules would seem to require that Appellant point up specific "good cause" or "good causes" which he established to excuse his failure to appear, and the overruling of which was error.

■ Appellant's other point of error is that there is insufficient evidence to support the order of $45.00 per month child support. This being an assignment that the evidence is "insufficient" (as distinguished from "no evidence") it must be determined by an evaluation of all the evidence. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup. 1965) We have considered the evidence in such manner and we have determined that there is support for the trial courts award of $45.00 per month for the support of the ten year old child of the marriage.

The judgment of the trial Court is affirmed.