AMERICAN WESTERN GROUP,
INC., Appellant,

v.

Arnold BUTLER et al., Appellees.

No. 11–86–020–CV.

Court of Appeals of Texas,
Eastland.

July 10, 1986.

James C. Gordon, McMahon, Smart, Surovik, Suttle, Buhrmann & Cobb, Abilene, for appellant.

Billy W. Boone, Boone, Parker, Ladyman, Hardaway & Johnson, Abilene, Jim Parker, Comanche, for appellees.

OPINION

DICKENSON, Justice.

This oil and gas case was filed when the lessors, Arnold Butler, L.L. Burns, Ted Underwood, and B.G. Thomas, disagreed with their lessee, Comanche Oil Exploration, Inc., and its assignee, American Western Group, Inc., as to whether the oil and gas leases had terminated under their own provisions because of the cessation of production and lack of continuous operations. The case was settled by the landowners and their lessee. American Western appeals. We affirm.

This case was set for jury trial on October 28, 1985. The attorney of record for American Western announced his presence in open court, "requested leave to not make further appearance," and stated: "Our case rides or falls on Comanche's case." In response to the judge's questions, American Western's attorney assured the court that it was an assignee of Comanche and that it had a contractual arrangement with Comanche. Permission to leave was granted, and the attorneys for the lessors and Comanche proceeded to make their voir dire examination of the jury panel. The jury was then selected, sworn, and recessed until October 31, 1985, at 1:00 p.m.

The record shows that shortly after 1:00 p.m. on October 31, while the jury was waiting outside the courtroom, the case was called for trial. At that time the attorneys for the lessors and for Comanche announced in open court that they had set-

tled the case and wanted to "dictate an agreed order into the record" which was intended "to be binding in all respects." The agreed order provided for a checker-boarding of the leases under which Comanche would receive ratifications of the leases as to the tracts upon which the oil and gas wells had been drilled and certain other tracts; the landowners would receive releases of their leases as to certain tracts; Comanche would pay a portion of the land-owners' attorney fees; and each side would release the other from any and all claims. The trial court then questioned the attor-neys and parties who were present to make sure that everyone was in agreement be-fore the jury was released. The land-owners' attorney assured the court that he had talked by telephone with American Western's attorney of record and that "he indicated to me at that point in time that the settlement would be—that—that I could rely on it." Comanche's attorney then announced that his understanding was that American Western's attorney "was go-ing to ride my coattails wherever it led." The trial court then dismissed the jury.

The written judgment was signed on No-vember 4. On the next day American Western's original attorney filed its "objec-tion to proposed compromise and settle-ment." On December 3 the new attorney of record for American Western filed its motion for new trial.

The statement of facts from the hearing on the motion for new trial, which was heard on December 16, contains testimony that when the landowners' attorney talked by telephone to Comanche's original attor-ney of record and told him about the terms of the settlement offer: "He made no ob-jection." The landowners' attorney testi-fied that he "sure did" think the lessee's attorney had authority to bind the interests of its assignee. Also, after talking to American Western's attorney for "a couple of hours" he felt that American Western specifically approved of the settlement. At the end of the hearing on the motion for new trial, the district judge stated:

[I]f American Western wanted to protect its interest, it could have been here at the time we selected the jury.

■ Appellant presents two points of er-ror. First, it argues that the trial court erred in rendering a default judgment as to American Western because its pleadings constituted an answer to the landowners' claims and no evidence was presented at trial to support the judgment. This point is overruled. While the written judgment er-roneously states that American Western "did not appear, nor announce, and wholly made default," the trial court's judgment must be affirmed because an agreed judg-ment was rendered before American West-ern attempted to file its objection to the settlement. *Samples Exterminators v. Samples*, 640 S.W.2d 873 at 874 (Tex.1982); *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56 at 59 (Tex.1970).

■ Second, appellant argues that the trial court erred in entering an agreed judgment as to American Western pursu-ant to TEX.R.CIV.P. 11 because American Western did not consent to the judgment, or in the alternative, withdrew its consent before the judgment was signed. This point is also overruled. The agreement in question was "made in open court and en-tered of record," as required by Rule 11. Appellant's attorney secured leave of court to be absent from these proceedings by stating: "Our case rides or falls on Co-manche's case," and by assuring the trial court that it had a contractual arrangement with Comanche. See *Northeast Texas Mo-tor Lines v. Hodges*, 138 Tex. 280, 158 S.W.2d 487 at 488 (1942, opinion adopted), which states: "[A] litigant cannot ask something of a court and then complain that the court committed error in giving it to him." We decline to hold that the trial court erred in granting leave for American Western's attorney to rely upon Comanche and to absent himself from the trial. As a purchaser pendente lite who secured per-mission to leave the trial proceedings be-cause "our case rides or falls on Co-manche's case," American Western should be bound by the settlement, just as they

would have been bound by the results of a contested trial. The agreement in issue was made in open court by the attorneys who were present. Moreover, the record is clear that American Western's attorney was notified of the settlement before it was announced in open court and that no objection was made.

The judgment of the trial court is affirmed.