NO. 07-99-0168-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 26, 2001

______________________________

LE EARL BRYANT, APPELLANT

V.

CANYON CREEK ROOF CO., INC., APPELLEE

_________________________________

FROM THE COUNTY COURT AT LAW NO. 3 OF DALLAS COUNTY;

NO. CC-95,1985-C; HONORABLE VICTORIA S. WELCOME, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Le Earl Bryant appeals from an order of dismissal by which the trial court dismissed all claims of appellant and of appellee Canyon Creek Roof, Inc., and ordered that neither party should recover attorney’s fees.  We affirm.

Appellant and appellee contracted for appellee to install a roof on appellant’s house.  The roof leaked and had other alleged defects.  Appellant did not pay the last $1,000 on the contract and appellee sued for the balance due.  Appellant counterclaimed against appellee on various theories, including breach of contract and violations of the Deceptive Trade Practices-Consumer Protection Act, 
Tex. Bus. & Com. Code Ann
. § 17.41 
et. seq
. (Vernon Supp. 2001) (the DTPA).  Both parties sought attorney’s fees via statutory provisions.  

The suit was settled at mediation.  A written mediation agreement was entered into by which all claims between appellant and appellee were settled, except for attorney’s fees and recoverable costs of litigation.  Terms of the agreement, in part, were that (1) appellee was to perform further work on appellant’s roof and extend the warranty on the roof, and (2) appellant was to pay appellee “$500 as the amount owed on the contract.”  According to the mediation agreement, each party was to submit the following to the trial court: (1) pleadings, (2) expert reports, (3) stipulation re: attorney fees and (4) mediation agreement.  The items were to be submitted “for the Court to determine Atty fees, if any, that should be awarded to either side.”

By letter dated April 23, 1996, appellant’s attorney forwarded copies of pleadings, expert reports, attorney’s fee documentation and the mediated settlement agreement  to the judge of the County Court at Law  No. 3 of Dallas County.  The letter advised the judge that “The issue of attorney’s fees was left unresolved in mediation.  We agreed to let the Court decide what, if any amount, each side would be awarded.”  By letter dated April 26, 1996, appellee’s attorney forwarded the same type of documents to the judge.  His letter advised the judge that all matters except attorney’s fees had been settled, and that “Pursuant to the Mediation Agreement please find the following for your consideration in determining whether either party should be awarded attorney’s fees.”   

The trial judge subsequently signed an Order of Mutual Dismissal.  In the order, the  judge found that the mediation agreement required the court to determine if either party was entitled to recover its attorney’s fees from the other party.  After reciting that the court had considered the affidavits for attorney’s fees, the mediation agreement and “the file,” the order stated that each party should bear their own attorney’s fees and costs.  Appellant filed a Motion for New Trial which the clerk’s record shows was set for hearing, but for which the record does not show an actual hearing being held by the trial court.  Findings of fact and conclusions of law were not requested and none were filed by the trial court.
(footnote: 1)
 By two issues, appellant asserts that the trial court erred in failing to award attorney’s fees to her: (1) the parties waived the statutory requirements for recovery of attorney’s fees, and the trial court should have determined which party “prevailed” under the mediation settlement agreement; and (2) the trial court’s failure to find that appellant “prevailed” in the case is against the weight and preponderance of the evidence.  Appellee responds by agreeing that statutory requirements for recovery of attorney’s fees were waived by the mediation agreement, including any requirement that the trial court was required to determine a “prevailing” party and thereafter award attorney’s fees to the prevailing party.  Appellee urges that the mediation agreement allowed the trial court to award attorney’s fees to (1) appellant, (2) appellee, (3) both appellant and appellee, or (4) neither appellant nor appellee.  We agree with appellee.

When the parties presented their documents and the mediation agreement to the trial judge for determination of whether attorney’s fees should be awarded, and if so, to which party and in what amount, neither party presented any proposed basis by which the trial court was to make its decision.  The parties did not specifically reference any of the statutes allowing recovery of attorney’s fees.  Appellant did not advise the trial judge that she believed the question should be resolved by determination of a “prevailing” party, although the mediation settlement agreement specifically provided that it was a compromise of a disputed claim without admission of liability, and that it was the entire agreement of the parties.  The agreement itself provided for the “Court to determine Atty fees, if any, should be awarded to either side.” 
(footnote: 2)  

The general rule in Texas regarding attorney's fees is that each litigant must compensate his or her own attorney.  
Turner
, 385 S.W.2d at 233.  Recovery of attorney's fees from an opposing party is allowed, however, when a statute or a contract between the parties authorizes such recovery.  
New Amsterdam Cas. Co. v. Texas Indus., Inc
., 414 S.W.2d 914, 915 (Tex.1967);  
Base-Seal, Inc. v. Jefferson County
, 901 S.W.2d 783, 785 (Tex.App.-Beaumont 1995, writ denied). 

The language of the mediation agreement and the language in the correspondence from the parties to the court is not ambiguous.  The agreement did not incorporate any statutory standards which the trial court was to use in determining whether or to which party to award attorney’s fees.  The language of the agreement affords the trial court discretion in deciding whether to award attorney fees.  
See
 
Bocquet v. Herring
, 972 S.W.2d 19, 20-1 (Tex. 1998) (distinguishing statutory language affording trial court discretion in awarding of attorney fees from statutes which do not afford discretion in awarding such fees). 

And, in determining whether the trial court abused its discretion in ordering each party to bear its own attorney’s fees and costs, the standard of review is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the action taken by the trial court.  Rather, the standard is whether the court acted without reference to any guiding rules and principles.  
Craddock v. Sunshine Bus Lines
, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).  Another way of stating the test is whether the act was arbitrary or unreasonable.  
Smithson v. Cessna Aircraft Co.
, 665 S.W.2d 439, 443 (Tex.1984);  
Landry v. Travelers Ins. Co.
, 458 S.W.2d 649, 651 (Tex.1970). 

This matter began with appellee filing suit for the final $1,000 which appellant had agreed to pay pursuant to a contract for roofing work, and for its attorney’s fees.  Appellant opposed the claim and counterclaimed for a not-too-unusual spectrum of causes of action and a claim for her attorney’s fees.  The case was settled before trial for one-half of appellee’s monetary claim, with additional work to be done to satisfy appellant that she had the roof for which she contracted.  Under the circumstances, a decision by the trial court that each party should bear its own attorney’s fees and costs would not, in our view, have been arbitrary or unreasonable.       

Moreover, to preserve a complaint for appellate review, a party must present the complaint to the trial court by a timely request, motion, or objection, state the specific grounds therefor, and obtain a ruling.  
Tex. R. App. P
. 33.1(a); 
Holland v. Wal-Mart Stores, Inc.
, 1 S.W.3d 91, 94 (Tex. 1999); 
In Re C.O.S.
, 988 S.W.2d 760, 764-65 (Tex. 1999); 
General Chem. Corp. v. De La Lastra
, 852 S.W.2d 916, 920-21 (Tex. 1993).  And, parties may not invite error by requesting the trial court to take an action, and then asserting that action as error on appeal.  
See
  
General Chem. Corp.
, 852 S.W.2d at 920; 
Northeast Texas Motor Lines v. Hodges
, 138 Tex. 280, 158 S.W.2d 487, 488 (1942).

Appellant did not request the trial court to award attorney’s fees to her because she was the “prevailing party” when she first submitted her documents and request for the court to decide who, if anyone, should recover attorney’s fees.  The issue remained before the trial court for over two and one-half years before the court entered its ruling and order of dismissal.  During that time appellant did not present to the trial court the position she now urges.  The trial court did what the agreement between appellant and appellee and the correspondence from their attorneys requested it to do: decided which of the parties, if either, should recover attorney’s fees from the other.  Appellant has not preserved the issue for appellate review.  
Tex. R. App. P
. 33.1(a); 
Holland
, 1 S.W.3d at 94.  To the contrary, she invited the trial court’s action, and is, therefore, precluded from urging that action as a basis for reversal.  
See
 
Hodges
, 158 S.W.2d at 488.  Appellant’s first issue is overruled.  Because our overruling of appellant’s first issue is determinative of the appeal, we need not and do not address her second issue.  
Tex. R. App. P
. 47.1.      

The judgment of the trial court is affirmed.

Phil Johnson

    Justice

Do not publish.

FOOTNOTES
1:
In a nonjury trial, where findings of fact and conclusions of law are neither filed nor requested, it is implied that the trial court made all the necessary factual findings to support its judgment.  
Holt Atherton Indus., Inc. v. Heine
, 835 S.W.2d 80, 83 (Tex. 1992).  In such a situation the trial court judgment will be affirmed if it can be upheld on any basis.  
Point Lookout West, Inc. v. Whorton
, 742 S.W.2d 277, 278 (Tex. 1987).   

2:
The documents forwarded to the trial judge by appellant’s attorney included appellant’s Answer and Counterclaim and Jury Trial Demand.  That pleading included counterclaims for fraud, negligence and gross negligence as well as for breach of contract, breach of warranties and violations of the DTPA.  The pleading claimed attorneys fees only under provisions of 
Tex. Civ. Pract. & Rem. Code Ann
. § 38.001 (Vernon 1997), and under the DTPA.  Attorney’s fees would not have been recoverable for the negligence and gross negligence claims.  Thus, appellant’s pleadings did not present the trial court with a situation where even if appellant were the “prevailing” party, it would have followed that an award of attorney’s fees would necessarily have been mandatory.  
See
 
Turner v. Turner
, 385 S.W.2d 230, 233 (Tex. 1964).