IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF 
TEXAS
 
════════════
No. 08-0524
════════════
 
 
In re Department of Family & Protective Services, Relator
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
Argued November 12, 2008
 
 
            
Justice Brister, joined by Justice Hecht, Justice O’Neill and Justice Medina, dissenting.
 
            
Surely no one — not even a mother fighting to keep her kids — can ask for 
a new trial and then demand dismissal because she got it. There was a 
final order before the statutory one-year deadline in this case, but the mother 
asked the trial court to set it aside and give her a new trial and later a 
resetting after the deadline had passed. Having gotten what she wanted, she is 
not entitled to complain that the trial court should have turned her down. 
Because the Court holds otherwise, I respectfully dissent.
            
The Family Code prohibits parties from extending the one-year deadline by 
agreement, but it expressly allows them to waive the deadline by inaction.[1] This is not a subtle distinction: 
litigants (for example) cannot change the Constitution by agreement, but they 
can certainly waive constitutional complaints.[2] Even the analogous right to a speedy 
trial (an explicit constitutional right) can be waived if the accused is 
responsible for the delay.[3] By holding this deadline nonwaivable, the Court makes it stricter than the 
Legislature did, stricter even than the Constitution itself.
            
It has long been the rule in Texas that a party cannot complain of an error 
it invited:
 
The 
principle is that if, during the progress of a cause, any party thereto request 
or move the court to make an erroneous ruling, and the court rule in accordance 
with such request or motion, he cannot take advantage of the error upon 
appeal.[4]
 
This rule “is 
grounded in justice and dictated by common sense.”[5] If a party can consent to an order and 
then seek reversal if it is granted, then both justice 
and common sense have been set aside. It makes no difference that this is a 
parental-termination case; justice and common sense apply there too.[6]
            
Until today there has been only one exception to the invited-error 
doctrine: absence of subject-matter jurisdiction. That is not an issue here, as 
the Legislature allowed this deadline to be waived.[7] By creating a second exception, the Court 
invites future error by suggesting parties can sandbag a trial court and then 
ask the court of appeals to create new exceptions for them too.
            
The Court states two reasons for this unprecedented step. First, it says 
we cannot apply the invited-error doctrine because the Department did not raise 
it in its appellate brief. But invited error is an issue of error 
preservation;[8] a party who invites error has not 
obtained an adverse ruling when they get it. Because the mother failed to 
preserve error regarding this deadline, she cannot prevail even if the 
Department had filed no brief at all.
            
Second, the Court says this is not a case of invited error because the 
mother complains only of denial of her motion to dismiss and not the granting of 
her earlier motions for a new trial and a resetting. Surely we cannot be so 
naïve. While her last motion requested dismissal, the only bases for that motion 
were her earlier motions asking the trial court to set aside its final order and 
give her a new trial after all deadlines had passed.
            
Twice in recent years we have rejected attempts to focus the 
invited-error rule narrowly on the contested motion and not on the surrounding 
context. In 1999 and 2008, we held the invited-error doctrine did not bar a 
party from complaining about a jury question it had requested, because in both 
instances the party had made clear throughout the case that it objected to 
submission but nevertheless wanted to make sure the issue was properly 
drafted.[9] The Court now takes the opposite 
approach, reviewing only the last motion and disregarding the context in which 
it occurred.
            
Finally, the Court also ignores the context and consequences of its own 
ruling. It is hard to find anything in today’s opinion about the best interest 
of these children; indeed, the Court resolutely refuses to consider what may 
happen to them, or whether this case will start over from scratch. While “it is 
not this Court’s business” to make factual determinations,[10] it must be our business to consider the 
potential consequences of statutory construction, because the Legislature has 
instructed us to do so.[11] 
            
The Court blames “the Legislature, not the judiciary” for whatever may 
happen to these children, but it is the Court not the Legislature that says the 
exclusive means of waiving complaints about these deadlines are the two 
in the statute. The Court says the possibility of starting the case over “is not 
before us,”[12] but we are ordering this case dismissed; 
is that with or without prejudice? And shouldn’t a court think about these 
questions before deciding whether rigid application of these deadlines will 
actually ensure “prompt and final resolution of parental-rights termination 
cases”?[13]
            
Because a party cannot complain of a ruling it asked for, I would reverse 
the court of appeals’ judgment and remand the case to the trial court for an 
immediate trial. Because the Court holds otherwise, I respectfully dissent.
 
            
            
            
            
            
            
________________________________________
            
            
            
            
            
            
Scott Brister
            
            
            
            
            
            
Justice
 
 
OPINION DELIVERED: January 9, 2009






[1] 
See Tex. Fam. 
Code § 
263.402.

[2] 
See, e.g., In re K.A.F., 160 S.W.3d 923, 928 (Tex. 2005); In re L.M.I., 119 S.W.3d 707, 711 
(Tex. 2003); In re A.V., 113 S.W.3d 355, 
358 (Tex. 2003); Tex. Dep’t of 
Protective & Regulatory Servs. v. Sherry, 46 
S.W.3d 857, 861 (Tex. 2001).

[3] 
See Barker v. Wingo, 407 U.S. 514, 529 
(1972); see also U.S. 
Const. amend. VI (“In all criminal prosecutions, the accused shall enjoy 
the right to a speedy and public trial . . . .”).

[4] 
Gresham v. Harcourt, 53 S.W. 1019, 1021 (Tex. 1899); see, e.g., 
Tittizer v. Union Gas Corp., 171 S.W.3d 
857, 861 (Tex. 2005); Litton Indus. Prods., Inc. v. Gammage, 668 S.W.2d 
319, 668 (Tex. 1984); Hamilton v. Hamilton, 280 S.W.2d 588, 591 (Tex. 
1955); Ne. Tex. Motor Lines v. Hodges, 
158 S.W.2d 487, 488 (Tex. 1942); Patton v. Dallas Gas Co., 192 S.W. 1060, 
1062 (Tex. 1917).

[5] 
Tittizer, 171 S.W.3d at 
861; Hodges, 158 S.W.2d at 488.

[6] 
See In re B.L.D., 113 S.W.3d 340, 351, 354 (Tex. 2003) (declining to 
review unpreserved complaints in parental-termination case).

[7] 
See Alfonso v. Skadden, 251 S.W.3d 52, 55 
(Tex. 2008) 
(holding subject-matter jurisdiction cannot be waived).

[8] 
See Tex. R. App. P. 
33.1.; Ulico Cas. Co. v. Allied Pilots Ass’n, 262 S.W.3d 773, 777 (Tex. 2008) (addressing 
invited error under the heading “Preservation of Error”).

[9] 
See Ulico, 262 S.W.3d at 777; Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 
91, 94 (Tex. 
1999).

[10] ___ S.W.3d at ___.

[11] See Tex. Gov’t Code § 311.023(5).

[12] ___ S.W.3d at ___.

[13] Id. at 
___.